### CHILDRESS et al. v. BROOKS et al. (No. 8545.)

(Court of Civil Appeals of Texas. Galveston. June 26, 1924. Rehearing Denied Oct. 9, 1924.)

**1. Venue ⬄22(3)—Petition held not to simply involve conversion of lease by certain defendants so as to give them right to trial in certain county.**

Petition *held* not in effect to contain merely cause of action for conversion of lease as against certain defendants resident in certain county, but also to ask for foreclosure of vendor's lien on lease, so that other defendants named were proper parties and so that case should be tried together against all defendants.

**2. Venue ⬄5(2)—Suit to foreclose vendor's lien on lease and for its conversion held not "suit concerning lands" within statute.**

Suit to foreclose vendor's lien on lease, seeking in alternative for relief in damages for conversion, *held* not "suit concerning lands" so as to come within Rev. St. art. 1830, § 14, coming rather under section 12.

**3. Venue ⬄22(3)—Persons charged with conversion of lease held properly joined as parties defendant in suit to foreclose vendor's lien on lease.**

In suit to foreclose vendor's lien on lease, persons charged with conversion of lease were properly made parties defendant, though action was brought on note secured by lien on personal as well as real property, and though alleged converting defendants were nonresidents of county and were neither alleged to be parties to note, nor charged with having acted with resident defendants in converting property.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by R. E. Brooks and others against P. L. and W. W. Childress and others. From the judgment, the two named defendants appeal. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Blanks, Collins & Jackson, of San Angelo, for appellants.

Woods, King & John, of Houston, for appellees.

GRAVES, J. Appellees agree that appellants make a correct statement of the nature and result of the suit as follows:

"On February 23, 1923, R. E. Brooks sued J. C. Boyd, W. R. Wells, J. M. Boyd, P. L. Childress, W. W. Childress and the Board of Regents of the University of Texas in the district court of Harris county, alleging: (a) That J. C. Boyd was a resident of Tarrant county, Tex., the other individual defendants residents of Crockett county, Tex., and that the Board of Regents was comprised of Lutcher Stark of Orange county, Tex., and others whose names are not given; (b) that the two Boyds and Wells owed him $7,500 on a $5,500 promissory vendor's lien note, which they had executed in favor of the Brooks Live Stock Company, in part payment for a certain University lease on Crockett county lands; (c) that P. L. and W. W. Childress had purchased all claims of the defendants Boyd, Wells and Boyd in the above-mentioned lease and were claiming to own the same, but that as a matter of fact their claim was subordinate to the vendor's lien which had been retained to secure payment of the aforesaid note; and, in the alternative, should he be mistaken as to the nature of the claim of the Childresses; (d) that they had purchased the lease in question, with knowledge of the fact that he was the owner of the vendor's lien note; had conspired with the Boyds and Wells to procure a new lease from the Regents, and had converted the lease and all improvements to their own use.

"He sought judgment for amount due on his note against all defendants, together with foreclosure of the vendor's lien, and, in the alternative, for damages in the sum of $7,500 against P. L. and W. W. Childress.

"The defendants P. L. and W. W. Childress, residents of Crockett county, seasonably filed and presented their plea of privilege; as did W. R. Wells, then residing in Tarrant county, Tex., and the Board of Regents, claiming Travis county as its domicile.

"The pleas were heard under the following stipulation:

" 'It is stipulated that on the hearing of the pleas of privilege in this cause that the plaintiffs shall be considered as having filed a controverting affidavit setting up that the defendants, J. N. Boyd, J. C. Boyd and W. R. Wells resided in Tarrant county from prior to the filing of the suit to the date of the hearing of the pleas; that at all of said times the defendants P. L. and W. W. Childress resided in Crockett county; and that at all of said times the Board of Regents of the University of Texas had its

---

legal domicile at Austin, Tex. And it is further stipulated that such facts with reference to residences as above stated are true.

" 'Woods, King & John,
" 'Attys. for Pltff.
" 'B. B. P. & G., by H. L. Bruce,
" 'Attys. for Defts. Childress.'

"The trial court sustained all pleas, but decided that Tarrant county was the most convenient county, where venue should lie, and transferred the whole case there.

"P. L. and W. W. Childress excepted to this judgment of the trial court and gave notice of appeal to this court."

On appeal appellants complain only of the refusal of the trial court, after so sustaining pleas of privilege of all the defendants below, to transfer in accord with their prayer at least so much of the cause as affected them to the district court of Crockett county, on these grounds:

"(1) Because it is manifest from an inspection of the plaintiff's petition that the cause of action, if any, alleged against the appellants, is wholly distinct and separable from that urged against the other defendants, and not only so, but that such cause of action concerns lands located in Crockett county, Tex., and is controlled by section 14, art. 1830, R. S. 1911, which fixes the venue in that county.

"(2) Because the statutes only authorize such a transfer where a plea of privilege is sustained, and nowhere do they clothe the trial court with power to select the tribunal in which such a case shall be tried.

"(3) For the reason that the cause of action, in so far as it relates to them, falls within section 14, art. 1830, and can only be adjudicated in that county.

"(4) Because the cause of action, if any, asserted against them, is wholly separable and distinct from that asserted against the other defendants, and can be tried and disposed of without the presence of such other defendants.

"(5) Because it is manifest from the pleadings and proof that such jurisdiction contains the only forum where all issues can be adjudicated over the defendants' pleas of privilege."

In urging these considerations, the initial argument made is that the net effect of plaintiff Brooks' pleadings is to reduce his suit, as against appellants, to one merely for conversion of the original lease and its incidental improvements; their own language in this connection being in part:

"While it is sought to foreclose the vendor's lien on a Crockett county leasehold, as against all the defendants, including the appellants, the petition itself indicates that this very lease had been canceled by mutual agreement of the University Regents, the lessors, and the Boyds, the lessees.

"No attempt is made to resuscitate or revive the old lease, but, on the contrary, the plaintiff clearly ratifies its cancellation and extinguishment by suing the appellants for conversion, not only of the removable improvements on the ranch, but the leasehold estate itself, upon both of which the vendor's lien was originally retained. * * *

"Having alleged that the appellants had pro-

265 S.W.—15

cured a new lease from the University Regents, and had thereby, and thereafter, converted the old lease and all improvements located thereon, for which he sought his damages, we earnestly insist that the plaintiff must be held to have elected (a) to waive any rights, which he might at one time have had, to foreclose his vendor's. lien on the old lease, and (b) to seek satisfaction for his loss in damages."

[1] We think this conclusion an erroneous construction of the plaintiffs' petition below; as the summary of it in the introductory statement has shown, it first directly affirmed the existence and validity of the vendor's lien declared upon and sought a foreclosure of it against all parties including appellants, and then, in the alternative, merely on the supposition of a possibility of error in the first position, made the counts as to conversion, leaving the court to determine the rights involved under the pleading as a whole on the coming in of the facts upon the hearing; this alternative averment lacked much of either abandoning the claim for a subsisting vendor's lien upon the property or of electing to sue appellants for conversion only, in contradistinction to the cause of action as declared against all the other defendants. And herein lies the difference between this case and those cited by appellants in support of their contention upon this feature.

[2] Neither, we think, is the action such a suit concerning lands as to come within the purview of section 14 of R. S. art. 1830; it is in that respect only an effort to foreclose a vendor's lien upon the land and is not governed by section 14, coming rather under section 12 of the same statute. Holcomb v. Williams (Tex. Civ. App.) 194 S. W. 631, and authorities there cited.

[3] The suit then not being one reduced solely as concerned appellants to a claim for damages as for conversion, and not being within the purview of the subdivision of the venue statute relating to lands, yet was one brought against three defendants, the two Boyds and Wells, in the county of their residence, Tarrant, on a note secured by a lien on personal as well as real property, in which the appellants, residents of a different county, were joined on allegation that they had taken and converted the mortgaged property; in such circumstances it seems that such a joinder may be made, although the nonresident defendants are neither alleged to be parties to the note nor charged with having acted with their resident codefendants in converting the property. Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; A., T. & S. F. R. Co. v. Stevens, 109 Tex. 262, 206 S. W. 921; Waxahachie National Bank v. Sigmond Rothschild Co. (Tex. Civ. App.) 235 S. W. 633; Scott v. Cassidy Commission Co. (Tex. Civ. App.) 240 S. W. 1041; Cotton Concentration Co. v. First National Bank (Tex. Civ. App.) 245 S. W. 118.

The case made by the plaintiff's petition here meets both grounds laid down by the Supreme Court in Cobb v. Barber, supra, for venue against appellants in the county of the suit: (1) The mortgaged personal property on the lease was still in existence and in their possession, they were asserting some claim to it, and the suit is one to foreclose the mortgage, this latter feature making it even stronger than the Barber Case, where no foreclosure was sought; (2) the alternative allegation is that the appellants "have converted the said lease and all improvements thereon to their own use." And it is nowhere alleged that the mortgagors, the two Boyds and Wells, had in any manner parted with ·their title or equity of redemption in the personal property, the averments in that respect being specifically confined to the land itself. They therefore, like the mortgagor Barber in the case referred to, had "an interest in the damages resulting from the conversion to the full extent of the value of the personal property," placed in this instance at $6,000.

Under these conclusions the appellants would not have had the right to a change of venue from Tarrant county, had the cause been first lodged there, and consequently its transfer to that jurisdiction violates no right of theirs; none of the other parties complain. The trial court's judgment has been affirmed.

Affirmed.