## CARLTON v. NEWTON et al.
### No. 4093.

Court of Civil Appeals of Texas. Texarkana. Nov. 12, 1931.

Polk, Sansom & Terrell, of Fort Worth, for appellant.

W. A. Morrison, of Cameron, for appellees.

LEVY, J. (after stating the case as above).

The question arising is the simple one of whether or not in the circumstances the appellee W. R. Newton can be deprived of the privilege of being sued in the county where he resides or the land lies. The statute expressly declares, and makes it the fundamental right of the defendant, that the venue of the action shall be at the residence of the party sued, unless there is some statutory provision to the contrary. Exceptions 12 and 14 of article 1995, enumerated in the statute governing venue, restrict the venue to the location of the land where the aim of the suit is the foreclosure of a mortgage lien, or to cancel a deed or remove cloud from title, or impress the land with a lien. Moore v. Byars (Tex. Civ. App.) 47 S. W. 752; Russell v. Rwy. 68 Tex. 646, 5 S. W. 686; Bender v. Damon, 72 Tex. 92, 9 S. W. 747; McGhee v. Shely (Tex. Civ. App.) 216 S. W. 422; Texas Co. v. Tankersley (Tex. Civ. App.) 229 S. W. 672; Lyon v. Gray (Tex. Civ. App.) 265 S. W. 1094; Rogers v. Bryan (Tex. Civ. App.) 270 S. W. 1066; and other cases. An exception also enumerated in the statute fixes the dominating venue of an action at the residence of either defendant, where two or more defendants to the action shall reside in different counties. Exception 4 and exception 29a of article 1995, as added by Acts 1927, 1st Called Sess., c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, § 29a). The limitations placed upon these two latter exceptions are that the party who is a nonresident of the county in which the action is brought must be a proper or a necessary party to the plaintiff's action. Rush v. Bishop, 60 Tex. 177; Holloway v. Blum, 60 Tex. 625; Rwy. v. Mangum, 68 Tex. 342, 4 S. W. 617; Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; and other cases. Therefore it certainly follows, as respects venue, that persons who are not proper or necessary parties to the plaintiff's action cannot be denied nor defeated of the privilege to be sued in the county of their residence, or in the locality of the

land in actions affecting an interest in land, by their joinder with the defendant residing in the different county where the action was brought. In the light of the principle set out, can W. R. Newton, as respecting venue, be regarded as properly joined as the codefendant with Kennedy Rogers in the plaintiff's suit? In order to apply the rule in deciding the joinder of parties defendants, the determination of the nature of the action growing out of the alleged transaction between the parties and the relief the facts may authorize becomes important. In this case the action against Kennedy Rogers on the note payable in Tarrant county was one entire action on a contract. W. R. Newton, the party brought in the action, was not a party, and he was in nowise liable as a party to the note sued on as executed by Kennedy Rogers. The note did not purport to give a lien on the land situated in Nueces county. The lien was sought to be impressed upon the land by parol through the principle of subrogation, dependent upon a contract and agreement with Kennedy Rogers. The proof of the agreement of subrogation rested for demonstration upon independent facts of which the contents of the note were no part of the issue. And, in order to impress and ingraft the lien in favor of the plaintiff and to foreclose the lien on the land which affirmatively appeared to be owned by W. R. Newton by deed, it would become necessary to produce evidence to make the conveyance subject to the lien and the lien to be in priority of the deed.

In such situation, the liability of W. R. Newton to have the land impressed with a prior lien would not result from the establishment of the plaintiff's demand against Kennedy Rogers merely upon the production of the note. The facts necessary to a judgment against W. R. Newton must go further and be essentially different from those upon which would depend the liability to the plaintiff of the defendant Kennedy Rogers. In view of the transaction relied upon and the production of evidence required of the plaintiff to support the allegations, the suit cannot be deemed to be one in the nature of a suit for debt against Kennedy Rogers with simple foreclosure as against him, and all the defendants, of a lien given as security for the debt. There are essential points of difference upon which the case depends between the two defendants. The relief, as respects Kennedy Rogers, was in equitable relief upon contract to give a lien upon land by subrogation. In such case the subject-matter of the inquiry is not the legal title to the land, but the personal obligation of contract. The action is essentially in personam rather than in rem. But the declared purpose of the suit, as respects W. R. Newton, was to establish and enforce a prior lien in favor of the plaintiff upon land of which W. R. Newton was the holder of the legal title, not as bare trustee for the plaintiff, but acquired by absolute deed. W. R. Newton was not under personal obligation or contract to give the plaintiff a lien on the land. As to him, the subject-matter of the inquiry was the title to the land, which was not an action essentially in personam. Any action to impair W. R. Newton's deed to the land necessarily affected his title to the land. Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025. The inconsistency of the several causes of action is the objection, as respects venue, to joinder.

The case here, it is believed, is similar and favorable to the cases holding the codefendant, as respects venue, was not a proper or necessary party. Holloway v. Blum, 60 Tex. 625; Rwy. v. Mangum, 68 Tex. 342, 4 S. W. 617; Drug Co. v. Hamilton, 92 Tex. 284, 48 S. W. 5; Fidelity & Guaranty Co. v. Fossati, 97 Tex. 497, 80 S. W. 74; Burt v. City of Spearman (Tex. Civ. App.) 19 S.W.(2d) 96; and other cases. As by way of general illustration of the difference: In Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423, 425, the county treasurer deposited county money in the Farmers' National Bank, which, knowing the nature of such money, appropriated it to the payment of a private debt against the county treasurer. The sureties on the treasurer's official bond impleaded the bank, and asked to be subrogated to the rights of the county against the bank for the amount of the judgment against them. The bank was held to be a proper party, because "all of the defendants were liable for the one subject-matter of the suit,—the county's money in Skipwith's hands." The bank was primarily liable for the debt. In Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S. W. 621, the Dalhart Bank agreed to take and forward the draft and handle the collection, and its correspondent undertook to perform that agreement. Each bank was under the same legal duty in respect to the draft, and there was community of legal duty with respect to the owner of the draft. There was joint liability, because the negligence of each bank tended to the same breach of the common duty owing to the owner of the draft. So in these cases there were not inconsistencies of the causes of action. On the other hand, in Rwy. v. Mangum, 68 Tex. 342, 4 S. W. 617, the defendant Ginochio leased ground from the railway company adjoining its depot, and erected and maintained an eating house thereon, to which the company's employees and passengers resorted for refreshments. The plaintiff received his injury by reason of a defective doorstep at the entrance of the eating house. The eating house was not managed or controlled by the railway company. There was not joint liability for the injury, because there was not a common duty owing to the plaintiff on the part of both the defendants to keep in repair and well-lighted the passageway. So in this case there were inconsistencies of the several causes of ac-

tion. And there is a number of other cases applying the same principle, of a joinder of causes arising between the same parties in the same right, and growing out of the same transaction. That principle is specially laid down, with numerous cases cited, in 1 Texas Jur. § 33, p. 639. However, the present appeal is taken out of that principle because of the inconsistencies of the several causes of action alleged and relied upon for relief.

The dominating venue in the particular appeal is the county in which the land lies. Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Lakeside Irrigation Co. v. Markham Irr. Co., 116 Tex. 65, 285 S. W. 593.

The trial court has correctly decided the plea, and the judgment is accordingly affirmed.