**CHANDLER v. BROUSSARD.**

No. 11497.

Court of Civil Appeals of Texas. Galveston.

Jan. 28, 1943.

Rehearing Denied April 22, 1943.

Sidney P. Chandler, of Corpus Christi, for appellant.

W. M. Crook, of Beaumont, and T. J. O'Brien and Edgar Monteith, both of Houston (Edgar Monteith, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from an order of the 127th District Court of Harris County overruling the plea of privilege of appellant, W. E. Chandler, to be sued upon this cause in Wharton County, where he resided, rather than in Harris County, where the venue was laid.

The venue proceeding in the Harris County district court was regularly and statutorily both grounded and tried before that court, after a full hearing had upon the issue properly joined between the appellant and the appellee, through the due filing of the plea of privilege on the one hand, and of a controverting affidavit on the other, the court having heard full evidence, pleadings, and arguments of counsel in support of the controversy; whereupon, the challenged order was regularly entered by that court.

In support of the appeal, the appellant presents in his verbis these two points:

"First Point. The venue of this suit is controlled by section 14 of Article 1995, Revised Statutes of 1925, and it being undisputed that the land involved is situated in Wharton County, Texas, the trial court should have sustained the plea of privilege.

"Second Point. The plea of privilege of W. E. Chandler should have been sustained, since the plaintiff failed to prove a joint cause of action against him and H. C. Cockburn, which would permit him to maintain his suit in Harris County, there being no prima facie case proved against H. C. Cockburn."

As is apparent, appellant's position is that this was a suit by the appellee against himself "involving the title to land" situated in his residential county of Wharton, in which the appellee had joined, along with appellant, as a defendant, H. C. Cockburn, who resided in Harris County, but against whom the appellee had no such joint cause of action with the appellant as would permit the maintenance of this suit in Harris County, under Subdivision 4 of R.S. Article 1995, rather than in Wharton County, where it was required to be filed

as such a land-suit, under Section 14 of R.S. Article 1995.

The controlling question then turns upon, (1) what the nature of the suit was, as declared upon by the appellee in his trial petition, and (2) whether or not H. C. Cockburn was suable thereon along with the appellant, under Subdivisions 4 and 29a of cited Article 1995, Vernon's Ann.Civ.St. art. 1995, subds. 4, 29a.

Upon a careful consideration of the matter, it is this court's conclusion that appellant's contention cannot be sustained, in that the appellee's petition shows that his main cause of action was a suit for $682.10 of debt against the appellant, based upon a paving assessment certificate issued by the City of El Campo, Texas, against him and a certain lot of land for paving costs thereon, together with a prayed-for foreclosure of the statutory lien against the land; it having been further alleged and shown not only that appellant had, by written extension agreement with the appellee, acknowledged such debt and lien and reiterated his preceding agreement to pay and discharge the same, but also that he had meanwhile (and subsequent to the creation of appellee's debt and lien) conveyed the property, in the form of a deed, to H. C. Cockburn of Harris County.

It is true that the appellee, after having so declared upon his debt and paving-assessment lien against the appellant upon the lot so located in Wharton County, as well as against H. C. Cockburn of Harris County as the grantee in the conveyance, which appellee alleged to have been in fact a mortgage under which Cockburn was claiming some sort of interest in the property which was declared to be inferior to the appellee's right of foreclosure thereagainst, the latter prayed for the reformation of the instruments executed between the City of El Campo and the appellant, evidentiary of such debt and lien, by asking that the description of the land therein referred to be corrected so as to describe correctly the land appellant then owned as Lot 20 in Block 22 of the town of El Campo, Wharton County, Texas, instead of Lot 22 in Block 22, as the land intended to be conveyed erroneously appeared in such evidentiary instruments.

■ But, since the petition had, first, as the principal cause of action, declared upon the paving-debt and lien as such, and sought the recovery of the one and the foreclosure of the other, these prayers for the ancillary and incidental correction of the records that had so been made by the parties thereto so as to make them speak the true agreement they had made, did not change the main character of the suit from one for debt, together with the foreclosure of the lien securing it, to one involving the title to or the other attributes appertaining to the land, so as to bring the cause within the exclusive control of Section 14 of Article 1995, as appellant insists; 43 Tex.Jur., Sec. 29, p. 745, note 9; Shipley v. Pershing, Tex.Civ.App., 5 S.W.2d 799(4), error dismissed; Childress v. Brooks, Tex.Civ.App., 265 S.W. 224; Holcomb v. Williams, Tex. Civ.App., 194 S.W. 631 (1); Branch v. Wilkens, Tex.Civ.App., 63 S.W. 1083 (1–2); Bell v. Federal Land Bank of Houston, Tex.Civ.App., 118 S.W.2d 1007 (1); 43 Tex. Jur., Sec. 53, 774–775; Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089–1093 (14); Lone Star, etc., v. Bruno, Tex.Civ.App., 101 S.W.2d 1059, 1060 (2); Mutual Fed., etc., v. Anderson, Tex.Civ.App., 88 S.W.2d 499–502 (2–3).

■ In other words, the venue-facts necessary of full proof to confer venue upon Harris County, the county of the suit, were: (1) The establishment—through the pleadings and the evidence—of the nature of the suit as being, in the main, one for debt growing out of a paving assessment certificate, and a written extension-agreement novating the same, which constituted a promise upon appellant's part to pay the one and remove the other; and (2) that the resident defendant in Harris County, H. C. Cockburn, did in fact reside there, and had—subsequent to the inception of appellee's debt and its accompanying lien—become the grantee of the appellant under a written instrument, which upon its face apparently conveyed the latter's title to the property to him. Under our authorities, it was not—within the purview of Subdivision 4 of R.S. Article 1995—necessary that a joint liability against appellant and Cockburn be both pled and proven, but it was sufficient to confer venue against them both to allege and show, as was done to the satisfaction of the court below, that Cockburn was a resident of Harris County and the apparent owner of the legal title to the property that stood as security for the appellee's claimed debt, which title he had acquired, as indicated, long after the fixing of the appellee's alleged paving-lien thereon; that is, the appellee's petition declared

upon an action in Harris County against appellant, the non-resident defendant, on an alleged debt secured by a lien on property then standing of record in the name of the resident defendant, H. C. Cockburn, hence both were suable in Harris County. Stockyards Nat'l Bk. v. Maples, 127 Tex. 633, 95 S.W.2d 1300. See also R.S. Article 1995, Subdivision 29a, Vernon's Ann.Civ.St. art. 1995, subd. 29a.

The record is long, and the arguments and authorities extended; but what has been said is thought to dispose of the controlling questions the appeal presents, hence further discussion is deemed unnecessary.

The judgment will be affirmed.

Affirmed.