**MILLER et al. v. MATTHEWS et al.**

No. 2427.

Court of Civil Appeals of Texas. Eastland.

Dec. 10, 1943.

W. Marcus Weatherred, of Coleman, for appellants.

Blanton & Blanton, of Albany, for appellees.

FUNDERBURK, Justice.

On May 28, 1943, Joe B. Matthews and Jack Mansfield brought this suit in Shackelford County against Press D. Morris and C. A. Morris, both residents of Coleman County, to recover upon a promissory note in the principal sum of $9000, dated August 2, 1940, payable to plaintiffs in Shackelford County. Under the allegations this note was a renewal of another note in the same principal amount dated February 19, 1936. Mrs. Mattie B. Miller and Mrs. Josephine Ballard, executrices of the estate of J. P. Morris, deceased, and also residents of Coleman County, were joined as defendants, and as against them, together with said Press D. Morris and C. A. Morris, a trustee's deed to J. P. Morris, dated August 23, 1933, conveying 24 tracts

of land in Shackelford County aggregating 12,389.9 acres, was sought to be set aside upon averments of a fraudulent conspiracy between the said J. P. Morris and Press D. Morris and C. A. Morris to place said property beyond the reach of credi-. tors.

Mrs. Mattie B. Miller and Mrs. Josephine Ballard, executrices as aforesaid, filed pleas of privilege, which, being controverted and the issues tried, were overruled, from which action said defendants have appealed.

■ It was expressly stated in plaintiffs' controverting plea to the pleas of privilege that venue in Shackelford County was sought to be sustained under Exceptions 5, 7, 14 and 29a to the general rule of venue. R.S.1925, Art. 1995, Vernon's Ann.Civ.St. art. 1995, subds. 5, 7, 14, 29a. The Honorable Trial Judge filed no conclusions of fact and law (the record showing no request therefor); but the judgment recites the opinion and general findings that "The law and the facts are with the Plaintiffs, and that the Plaintiffs have established by proof the material allegations set forth in their controverting plea * * *." Under this state of the record the burden is upon appellants, of course, to show by the record that the order overruling the pleas of privilege is not sustained under any of said exceptions relied upon.

■ As to Exception 29a, appellants, by their First Point, contend that it does not apply "because all defendants resided in Coleman County, Texas, and these defendants [i. e. Appellants] were not necessary parties to Plaintiffs' cause of action against their co-defendants on the note sued on." It is conceded that the venue of the suit in Shackelford County was proper as to Press D. Morris and C. A. Morris, being authorized under Exception 5. Exception 5 does not authorize the venue of the suit in Shackelford County as against appellants, they not being parties to the note sued upon and not having otherwise contracted in writing to perform any obligation, sought by this suit to be enforced, in Shackelford County. We readily conclude that the order overruling the pleas of privilege is not authorized under Exception 5.

■ The alleged cause of action against Press D. Morris and C. A. Morris upon the note, the venue of which in Shackelford County is conceded, as afore-said, to be proper, is not the same cause of action, if any, alleged against appellants. The possible applicability of Exception 29a, as authorizing the venue as to appellants, depends upon whether appellants are *necessary* parties to the suit, viewed as a suit against Press D. and C. A. Morris. The term "necessary" party is used in contradistinction to mere "proper" party. In such sense it includes "only those persons without whose presence before the court no adjudication of *any of the subject matter* involved in the litigation can be had." (Italics ours.) First National Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756, 758. It would hardly be contended that the court in this case, could not have proceeded to trial and judgment against Press D. Morris and C. A. Morris upon the note in the absence of appellants; and, hence, the conclusion seems inescapable that appellants were not *necessary* parties to the suit. Insofar as Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, and Pioneer Bldg. & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, cited by appellees, may seem to support a contrary conclusion, it may be observed that those decisions have been overruled, at least in necessary effect, by later decisions of the Supreme Court in Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900; Moreland v. Leslie, 140 Tex. 170, 166 S.W.2d 902; Moreland v. Hawley Independent School District, 140 Tex. 391, 168 S.W.2d 660. Hence, we conclude that the venue, as adjudged by the Court below, is not sustainable under Exception 29a.

■ In our opinion, there is more than one good reason why the order overruling the pleas of privilege cannot be sustained under authority of Exception 7. In the first place, if it be assumed that the pleadings stated a case of fraud within the purview of said Exception, there was no pleading to the effect that the fraud was committed in Shackelford County. Under Exception 7, one of the essential venue facts is that the fraud, if any, be committed in the county where the suit is brought and venue sought to be sustained. It is necessary to plead all venue facts. Any venue fact relied on to sustain venue under any of the exceptions, in order to render proof of the fact effective, must be pleaded. In the absence of pleading tendering the fact as an issue, it is unnecessary to look to the evidence for proof supporting it.

■ In the next place, merely describing a certain transaction as fraud, or the subject of a fraudulent conspiracy, without the averment of facts, from which the conclusion of actionable fraud or conspiracy would follow, is also insufficient as a pleading of the requisite venue facts under Exception 7. In A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 623, it was held that the allegation, in the controverting plea there involved, that this "'is a civil libel suit' and that plaintiff was a resident of the county in which the suit was filed 'at the time of the accrual of said cause of action'" was insufficient as a pleading of the venue facts under Exception 29, and further, that "An allegation that plaintiff resided in the county where the suit was filed 'at the time of the accrual of said cause of action' is not sufficient to admit proof that plaintiff was libeled by defendant, and the quoted allegation is merely a legal conclusion." In short, in our opinion, the requirement of Vernon's Annotated Civil Statutes, Art. 2007, that venue facts be set out in plaintiffs' controverting plea "specifically", does not permit the mere labeling of a transaction as fraudulent, which, so far as facts alleged show, is not fraudulent, to serve as a pleading of the necessary venue facts under Exception 7.

■ Apparently the law sought to be invoked by plaintiffs is that governing fraudulent conveyances. Such law is statutory and is to be found in R.S.1925, Articles 3996 and 3997, Vernon's Ann.Civ.St. arts. 3996, 3997. Article 3997 has no application because it only applies to gifts, conveyances, assignments, transfers or charges not made upon consideration deemed valuable in law and only applies to debts existing at the time. Here there is no question of any lack of consideration—consideration being implied—and there is no allegation that the debt in question was in existence at the time of the conveyance in question; but, to the contrary, the necessary implication is that it was subsequently incurred.

■ It is equally certain, we think, that Art. 3996 is not applicable to the facts as pleaded, because, for one reason, at least, it relates to a voluntary conveyance, etc., made by the debtor. Under the allegations of plaintiff's petition the conveyance sought to be cancelled as fraudulent was, as to Press D. and C. A. Morris, involuntary. It had its origin in rights of other parties antedating such conveyance by a considerable period of time. No act of J. P. Morris was alleged which he did not, as a matter of law, have the right to do, regardless of any consent or agreement on the part of Press D. and C. A. Morris. Certainly it cannot be gainsaid that he had the right to purchase the notes. That right was in no manner dependent upon the consent or agreement of Press D. and C. A. Morris. The transfer of the notes from David M. Proctor, payee and owner thereof, as well as owner of legal title to the land, to J. P. Morris in no way affected the interest of Press D. and C. A. Morris in the land, which was only an equitable title. The subsequent foreclosure of the deed of trust by sale by the substitute trustee was in no manner dependent upon consent or agreement of Press D. and C. A. Morris. J. P. Morris having the right to foreclose, the foreclosure could not be rendered fraudulent by the mere consent or agreement of Press D. and C. A. Morris to such foreclosure. At the foreclosure sale J. P. Morris undoubtedly had the right to purchase the land. The conveyance of the land to him was not a conveyance of the equity of Press D. and C. A. Morris. That equity, as a legal effect, was simply extinguished. Therefore, in no true sense was any conveyance involved within the meaning of said Art. 3996. Under Exception 7 we think a nonresident defendant asserting a plea of privilege is at least entitled to have a case of fraud alleged against him.

■ Further, plaintiff's pleadings presenting the issues relating to venue or privilege, even if sufficient to allege a fraudulent conspiracy to avoid some debts, showed no actionable fraud available to plaintiffs against appellants. It was not alleged that the debt was in existence at the time of the conveyance sought to be cancelled as fraudulent. The general rule is that Article 3996 only applies to existing debts. When an exception to the rule is intended to be invoked relating to a debt having its origin subsequent to the alleged fraudulent conveyance or transfer, facts to show the existence of such exception must be alleged in order to allege a case of fraud. When the pleadings do not allege that plaintiffs' debt was an existing debt, then, in order to allege a case of fraud, there must be an averment of the facts bringing the case within an exception to the general rule. Plaintiffs' petition fails to allege such case.

For any and all of these reasons we conclude that the venue cannot be sustained under Exception 7.

■ It seems so certain that the order overruling the pleas of privilege has no support in Exception 14, that the Point may be disposed of in one sentence. Plaintiffs' petition, which is the best and all-sufficient evidence of the nature of the action, shows this is not a suit for the recovery of land, or damages to land, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on the land, or any part thereof. Exception 14 therefore cannot apply.

Being of the opinion that the Court erred in overruling the pleas of privilege, that the judgment should be reversed and the cause transferred as prayed, it is accordingly so ordered.