Sam C. BENNETT, Jr. et al., Appellants,

v.

C. H. LANGDEAU, Receiver of Franklin American Insurance Co., Appellee.

No. 10861.

Court of Civil Appeals of Texas.

Austin.

June 28, 1961.

Rehearing Denied July 12, 1961.

Heath & Davis, Sneed & Vine, Austin, Elmore H. Borchers, Laredo, Stahl & Sohn, Harvey L. Hardy, San Antonio, for appellants.

Cecil C. Rotsch, Horace Wimberly, Kerns B. Taylor, Harold G. Kennedy, Austin, for appellee.

GRAY, Justice.

This is a venue case. The question presented is: Does exception 14 of Art. 1995, Vernon's Annotated Civil Statutes or Section 4(f) of Art. 21.28, Texas Insurance Code, V.A.T.S., control venue of this cause?

Prior to the filing of this suit delinquency proceedings were instituted against Franklin American Insurance Company in the 126th District Court of Travis County; C. H. Langdeau was appointed, qualified and was acting as receiver for the said insurance company. As such receiver he filed this suit in the 126th District Court against Sam C. Bennett, Jr. and four other individuals together with six private corporations. All of the defendants are residents of and domiciled in Bexar County.

Without detailing the lengthy and involved pleadings of appellee it is sufficient here to say that the suit affects lands located in Bexar County. Appellee's notice of lis pendens filed in that county states:

"That such suit is a suit to set aside certain notes, deeds of trust, deeds, and other instruments affecting the title to the herein below described property, for foreclosure of note and lien, and other allied affirmative relief, as to that certain real estate situated in Bexar County, Texas, known and described as: * * *"

The several defendants filed separate pleas of privilege to be sued in Bexar County. The pleas were controverted and at a nonjury trial the pleas of privilege were overruled and this appeal followed.

Appellants earnestly and forcefully argue that because this suit affects the title to land in Bexar County and that because the provisions of exception 14 supra are mandatory venue of this cause is in Bexar County. They say that the provisions of exception 14 control over Section 4(f) supra.

Here it may be said that generally exception 14 is mandatory in the sense that in suits affecting lands filed in a county other than where the land is situated, the proper filing and hearing of a plea of privilege requires the cause to be transferred to the county where the land is located. South Texas Development Co. v. Williams, 130

Tex. 217, 107 S.W.2d 378, 379. There the court said:

> "While this subdivision (14) is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county. Russell v. Railway Company, 68 Tex. 646, 5 S. W. 686; Bender v. Damon, 72 Tex. 92, 9 S.W. 747; Ft. Worth & D. C. Railway Company v. Jenkins (Tex.Civ. App.) 29 S.W. 1113; Black v. Black (Tex.Civ.App.) 82 S.W.(2d) 1073."

The above case was not a delinquency proceeding. It was decided in 1937 prior to the enactment of Section 4(f) and even prior to the enactment of the Texas Insurance Code. Later cases could be cited with holdings in accordance with the above announcement but they would not be decisive of the question here.

Section 4(f) was enacted in 1955. Acts 1955, 54th Leg., Ch. 267, p. 737. It provides:

> "(f) New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver."

By the same Act the Legislature enacted Section 16 of Art. 21.28 as an amendment to Section 6 of then Art. 21.28, Texas Insurance Code. As so enacted Section 16 provides:

> "In the event of conflict between the provisions of this Article and the provisions of any existing law, the provisions of this Article shall prevail, and all laws, or parts of law, in conflict with the provisions of this Article, are hereby repealed to the extent of such conflict."

It seems to us that the wording of Sections 4(f) and 16 supra is sufficient to express the legislative intent. 39 Tex.Jur. p. 160, Sec. 88. However such intent is further evidenced by the title to the Act. Acts 1955, 54th Leg. p. 737. There the Legislature stated its purpose to amend then Art. 21.28, Texas Insurance Code and

> "* * * providing that venue shall be in courts of competent jurisdiction in the county in which the delinquency proceedings are pending on actions or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver; * * * providing for the repeal of all laws or parts of laws in conflict herewith with certain exceptions; and declaring an emergency."

The Legislature stated its purpose to amend Art. 21.28 and for this reason it must be presumed that it intended to change the law. At that time there was no section in Art. 21.28 fixing venue of suits filed in delinquency proceedings. It is to be presumed that the Legislature knew of the absence of a venue provision for suits filed in a delinquency proceeding and knew the effect of Sections 4(f) and 16 on the then existing law. Hurt. v. Oak Downs, Tex. Civ.App., 85 S.W.2d 294, appeal dismissed 128 Tex. 218, 97 S.W.2d 673.

Sections 4(f) and 16 supra were enacted at the same time, they are related and their joint legal effect upon venue in delinquency proceedings must be considered. Spence v. Fenchler, 107 Tex. 443, 180 S.W. 597, 601.

Applying the foregoing rules of law to the question here it is made certain that the Legislature, with knowledge that there was no statute prescribing venue in delinquency proceedings and that such venue was dependent on the general venue statute, enacted Sections 4(f) and 16 supra.

Thereby venue in delinquency proceedings is prescribed as being in the court where the proceeding is pending and laws in conflict therewith were repealed. Accordingly exception 14 supra must yield to Section 4(f).

The judgment of the trial court is affirmed.

Affirmed.