· C. H. LANGDEAU, Receiver of Franklin American Insurance Company, Appellant,

v.

BURKE INVESTMENT COMPANY, Appellee.

C. H. LANGDEAU, Receiver of Franklin American Insurance Company, Appellant,

v.

E. J. BURKE, Jr., Appellee.

C. H. LANGDEAU, Receiver of Franklin American Insurance Company, Appellant,

v.

HIGHLAND HILLS, INC., Appellee.

Nos. 13823–13825.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 1, 1961.

Rehearing Denied in No. 13823 Nov. 29, 1961.

Cecil C. Rotsch, Horace Wimberly, Kerns B. Taylor, Harold G. Kennedy, Austin, for appellant.

John Peace, San Antonio, for appellee.

POPE, Justice.

These are venue suits. Plaintiffs filed three actions against C. H. Langdeau, Receiver of Franklin American Insurance Company, for the recovery of lands and damages, and to remove incumbrances upon the titles to the lands. Art. 1995(14), Vernon's Tex.Civ.Stats. The Receiver filed pleas of privilege to be sued in Travis County, the venue of pending delinquency proceedings, and relied upon Sections 4(f) and 16, Article 21.28, Insurance Code, V.A. T.S.[1] The trial court overruled the pleas of privilege and held that Section 14, Article 1995, was a mandatory venue statute which prevailed over the provisions of Art. 21.28. The trial court's judgments conflict with the recent opinion in Bennett v. Langdeau, Tex.Civ.App., 348 S.W.2d 179. The trial court correctly decided the cases.

In our opinion, we have a mandatory venue statute and a permissive venue statute, and the rule in that situation is that the mandatory venue statute prevails. Fetherston v. State, Tex.Civ.App., 146 S. W.2d 1078. Section 14, Article 1995, is clearly mandatory by reason of its words, that suits "must be brought in the county in which the land, or a part thereof may lie." Pena v. Sling, 135 Tex. 200, 140 S.W. 2d 441, 128 A.L.R. 1223; South Texas Development Company v. Williams, 130 Tex. 217, 107 S.W.2d 378; Thomson v. Locke, 66 Tex. 383, 1 S.W. 112.

Section 4(f), Article 21.28, is a permissive venue statute. It provides that the county in which the delinquency proceedings are pending "shall have venue to hear and determine all actions or proceedings * * *." Similar language was used in Exception 28a, Article 1995, Vernon's Tex. Civ.Stats., which has been construed to mean that the Legislature conferred a permissive venue which was not previously permitted. In other words, a plaintiff might, if he chooses, maintain a suit in the county of the exception. A statute which states that a county has venue is not the same thing as a statute which states that a county shall be the exclusive venue, or that a case "must be brought" in a county. Mutual Fire & Auto Insurance Company v. Kirkman, Tex.Civ.App., 231 S.W.2d 459. If the Legislature had intended to make Section 4(f), Article 21.28 mandatory, it

---

1. "Sec. 4. Actions. * * *

"(f) New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings · by or against the insurer or receiver."

"Sec. 16. Conflicts of Law.

"In the event of conflict between the provisions of this Article and the provisions of any existing law, the provisions of this Article shall prevail, and all laws, or parts of law, in conflict with the provisions of this Article are hereby repealed to the extent of such conflict. As amended Acts 1955, 54th Leg., p. 737, ch. 267."

could easily have done so by using language as found in Exception 14, Article 1995.

██ Exception 14, Article 1995, therefore, is clearly a mandatory venue statute and Section 4(f), Article 21.28, is a permissive venue statute. When we come to Section 16, Article 21.28, we find that the Insurance Code provides for situations in which a conflict exists between venue provisions. That section first provides that in the event of a conflict, the provisions of Article 21.28 shall prevail. It next provides that all laws in conflict with the article are repealed. For either of the two facets to become applicable, there must be a conflict. In the case of a permissive venue statute which is confronted by a mandatory venue statute, there is not a conflict. Section 30, Art. 1995; Mitchell v. Porter, Tex.Civ.App., 194 S.W. 981. The permissive yields to the mandatory statute and avoids the conflict.

The construction claimed by the receiver would produce unusual results. A delinquency proceeding may be commenced in a county. The receiver urges that the delinquency proceedings bring all suits, by or against the receiver, to the county of those proceedings. Many mandatory statutes fix venue in counties which may be different from those of the delinquency proceedings. A suit to collect taxes on real or personal property must be brought in the county where the taxes were levied. Article 7345b–1. Proceedings to condemn property must be brought in the county where the land is situated. Article 3264. Suits to collect gasoline taxes, gross production taxes, and inheritance taxes due the State must be brought in Travis County. Article 7076,* 7076a. Appeals from decisions and orders of the Railroad Commission must be brought in Travis County. Art. 6453. Suits to enjoin the execution of judgments or to stay proceedings in any suit must be brought in the county in which such judgment was rendered or in which

suit is pending. Art. 1995, § 17. Suits to revise the proceedings of the county court in matters of probate must be brought in the district court of the county in which such proceedings were had. Art. 1995, § 18. Suits against counties must be brought within such county. Art. 1995, § 19. Suits for mandamus against the head of any department of the State Government shall be brought in Travis County. Art. 1995, § 20. There are other illustrations, but these are sufficient to show that if the receiver's construction be correct in any of the above instances, suits would be transferred from counties where good reasons argue that they should remain. We are not convinced by the words used in Article 21.28, that the Legislature intended to supplant so great a number of mandatory venue statutes for the accommodation of delinquency proceedings.

We affirm the judgments.