C. H. LANGDEAU, RECEIVER, Petitioner
v.
BURKE INVESTMENT COMPANY, Respondent

No. A-8813.   Decided June 20, 1962

C. H. LANGDEAU, RECEIVER, Petitioner
v.
HIGHLAND HILLS, INC., Respondent

No. A-8810.   Decided June 20, 1962

C. H. LANGDEAU, RECEIVER, Petitioner
v.
E. J. BURKE, JR., Respondent

No. A-8812.   Decided June 20, 1962
358 S.W. 2d 553

*Cecil C. Rotsch, Horace Wimberly, Kerns B. Taylor,* and *Harold G. Kennedy,* Austin, for petitioner.

*John Peace,* San Antonio, for respondent.

MR. JUSTICE WALKER delivered the opinion of the Court.

The San Antonio Court of Civil Appeals has held that the venue of an action in trespass to try title against the receiver of an insurance company is governed by Exception 14 of Article 1995, Vernon's Ann. Texas Civ. Stat., rather than by Section 4(f) of Article 21.28, V.A.T.S. Insurance Code.[1] 351 S.W. 2d 287. We have jurisdiction under Subdivision 2 of Article 1728, because such holding is in conflict with the decision of the Austin Court of Civil Appeals in Bennett v. Langdeau, 348 S.W. 2d 179.

It is well settled that Exception 14[2] is mandatory where the privilege is properly claimed by any party to a suit which falls within its terms. South Texas Development Co. v. Williams, 130 Texas 217, 107 S.W. 2d 378; Pena v. Sling, 135 Texas 200, 140 S.W. 2d 441, 128 A.L.R. 1223; Thomson v. Locke, 66 Texas 383, 1 S.W. 112. The purport of the words used by the Legislature in Section 4(f)[3] is quite different. It does not provide that

---

1. The provisions of Article 21.28 of the Insurance Code are cited by section number, and those of Article 1995 by exception number. Other statutes are referred to by the article number under which they appear in Vernon's Ann. Texas Civ. Stat.

2. "14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

3. "(f) New Lawsuits. The court of competent jurisdiction of the county in which the delinquency proceedings are pending under this Article shall have venue to hear and determine all action or proceedings instituted after the commencement of delinquency proceedings by or against the insurer or receiver."

the actions mentioned therein shall or must be brought in the county where the receivership is pending. Venue to hear and determine the proceedings is conferred upon the courts of that county, but there is nothing to suggest that the lawmakers intended for such courts to have exclusive venue of all suits by or against the receiver. Exception 28a,[4] which contains language of similar import, has been held to be permissive and not mandatory. Mutual Fire & Automobile Ins. Co. v. Kirkham, Texas Civ. App., 231 S.W. 2d 459 (no writ). As pointed out by the court in that case, a declaration that "venue shall lie" in a certain county is not equivalent to a command that the suit "must be brought" in that county. It merely signifies an intention to give the plaintiff the legal right, if he chooses, to maintain such a suit there. This, it seems to us, is the meaning which should be attributed to the provisions of Section 4(f).

Petitioner contends that Section 4(f) is mandatory and exclusive in effect even though couched in language which would generally be regarded as permissive. He says that in the absence of statutory authorization, leave of the appointing court must be obtained before a receiver may sue or be sued in any other court. Under the provisions of Article 2310, an ordinary receiver may sue or be sued in any court having jurisdiction of the cause of action without leave of the appointing court, and Article 2311 deals with the venue of actions against such receivers. Section 4(e) provides that these two statutes shall not apply to insolvent insurance companies being administered under Article 21.28 of the Insurance Code. Petitioner argues that it is only by virtue of Articles 2310 and 2311 that the general venue statute ever applied to receivers. Since they have no efficacy in the present case and consent of the appointing court has not been obtained, petitioner reasons that the action cannot properly be maintained in Bexar County, that Exception 14 has no application, and that venue is necessarily controlled by Section 4(f). We do not agree.

The necessity for obtaining leave of the appointing court before maintaining an action in another court and the proper

4. "28a. Fraternal benefit societies and statewide mutual assessment companies.—In all actions brought against Fraternal Benefit Societies and/or Statewide Mutual Assessment Companies, regardless of the plan upon which they operate and whether incorporated or not, growing out of or based upon any alleged right or claim or loss or proceeds due, arising from or predicated upon any policy or contract issued or made by such Fraternal Benefit Society and/or Statewide Mutual Assessment Companies, venue shall lie in the county where the policyholder or beneficiary instituting such suit resides or in the county of the principal office of such association or where such cause of action arose."

court in which to institute the suit under our statutes relating to venue are separate problems which are dealt with separately by Articles 2310 and 2311. The absence of express statutory authority for the prosecution of suits by or against receivers of insurance companies without the consent of the receivership court does not indicate that Section 4(f) is intended to be exclusive. It does not give a plaintiff the freedom of choice allowed by Article 2311, but we think the Legislature has simply laid down a different permissive venue rule for actions involving an insurance company receiver.

■ There is no conflict between the mandatory provisions of Exception 14 and the permissive terms of Section 4(f), and Section 16[5] does not require that the former yield to the latter in a case like the present. Petitioner also directs our attention to Exception 30.[6] While that subdivision is expressed in mandatory terms, it does not convert a merely permissive venue provision, wherever it may be found, into a mandatory prescription. McDonald, Texas Civil Practice, Vol. 1, Sec. 4.37, p. 420. A permissive statute applicable to actions of a particular kind must always yield to a mandatory provision of Article 1995. See Mitchell v. Porter, Texas Civ. App., 194 S.W. 981 (reversed on other grounds, Com. App., 223 S.W. 197). We agree with the Court of Civil Appeals that Exception 14 governs the venue of an action which falls within its terms even though the suit is brought by or against the receiver of an insurance company.

By his fourth point of error, petitioner says that even if Exception 14 is applicable to actions against an insurance company receiver, his pleas of privilege should have been sustained because the present suits are mere subterfuges. An additional statement is necessary. On June 17, 1960, petitioner instituted suit against respondents and others in the 126th District Court of Travis County, seeking to set aside certain releases, notes, deeds and deeds of trust affecting the title to two tracts of land in Bexar County and to foreclose a deed of trust lien thereon. Respondents filed pleas of privilege which were overruled by the trial court. It was this ruling which was appealed to and

---

5. "Section 16. Conflicts of Law. In the event of conflict between the provisions of this Article and the provisions of any existing law, the provisions of this Article shall prevail, and all laws, or parts of law, in conflict with the provisions of this Article, are hereby repealed to the extent of such conflict."

6. "30. Special Venue.—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

affirmed by the Austin Court of Civil Appeals in Bennett v. Langdeau, supra.

About three months after such action was instituted in Travis County, respondents as plaintiffs filed the present suits in Bexar County. Each petition contains the formal allegations required for an action of trespass to try title, and prays that the plaintiff have judgment for title and possession of part of the land involved in the Travis County suit, for the removal of encumbrances therefrom and for the quieting of the plaintiff's title thereto. Petitioner filed his pleas of privilege in the Bexar County suits, and the same were duly controverted.

Petitioner answered the controverting affidavits, alleging that the present suits are not good faith actions to recover or remove encumbrances from the title to land, but are mere subterfuges used in an effort to confer upon the District Court of Bexar County jurisdiction and venue over matters already before and under the jurisdiction of the 126th District Court of Travis County. Pleas in abatement based on the pendency of the prior action in Travis County had previously been filed.

■ At the hearing on the pleas of privilege petitioner adduced evidence tending to show that the three suits were instituted in Bexar County for the purpose of litigating there the issues involved in the Travis County suit. That does not make the suits fraudulent for venue purposes but is a matter which must be reached by the pleas in abatement. If respondents are actually seeking to recover or clear the title to Bexar County land, venue under Exception 14 is not defeated by establishing that their suits were brought in an effort to litigate matters over which the court of another county had already acquired jurisdiction. There is nothing in the record to support the conclusion that respondents were guilty of any bad faith in filing trespass to try title suits rather than some other form of action. Venue under Exception 14 is determined by the location of the land and the nature of the relief sought, and it does not appear that the allegations of the petitions were fraudulently made to take advantage of a venue exception which would not be applicable if the true character of the suit were disclosed. We hold that the trial court did not err in overruling petitioner's plea of privilege.

The judgments of the Court of Civil Appeals are affirmed.