Sam C. BENNETT, Jr., et al., Petitioners,

v.

C. H. LANGDEAU, Receiver for Franklin American Insurance Co., Respondent.

No. A–8591.

Supreme Court of Texas.

July 25, 1962.

Heath & Davis, Austin, Elmore H. Borchers, Laredo, Stahl & Sohn, Harvey L. Hardy, San Antonio, for petitioners.

Cecil C. Rotsch, Horace Wimberly, Kerns B. Taylor, Harold G. Kennedy, Austin, for respondent.

WALKER, Justice.

The opinion delivered in this case on June 20, 1962, is withdrawn, and the following is substituted therefor:

This is a venue case. Respondent was appointed receiver for Franklin American Insurance Company by the 126th District Court of Travis County. He brought suit in that court against petitioners, who are five individuals and six corporations. Petitioners filed their pleas of privilege seeking a change of venue to Bexar County under Exception 14 of Article 1995, Vernon's Ann.Tex.Civ.Stat. Such pleas were overruled, and the Austin Court of Civil Appeals affirmed. 348 S.W.2d 179. The intermediate court apparently regarded the suit as one which would normally be governed by Exception 14, but held that Section 4(f) of Article 21.28, V.A.T.S. Insurance Code, controls the venue of any action brought by or against the receiver of an insurance company.

Petitioners' application for writ of error was originally dismissed for want of jurisdiction, because the holding of the Court of Civil Appeals is not in conflict with any of the decisions cited in the application. Before action was taken on the motion for rehearing, however, the San Antonio Court of Civil Appeals held that the venue of an action of trespass to try title against the receiver of an insurance company is governed by Exception 14 rather than by Section 4(f). Langdeau v. Burke Investment Co., Tex.Civ.App., 351 S.W.2d 287. Petitioners directed our attention to the latter decision in their motion for rehearing, and writs of error were then granted in both cases to resolve the conflict. The holding and judgment of the San Antonio Court have now been approved and affirmed. Langdeau v. Burke Investment Co., Tex., 358 S.W.2d 553.

The judges of the Court of Civil Appeals did not disagree in the present case, and

our jurisdiction, if it exists at all, must rest upon conflict as provided in Subdivision 2 of Article 1728.[1] International Harvester Co. v. Stedman, 159 Tex. 593, 324 S.W.2d 543. When the writs of error were granted, it was contemplated that we would determine whether the case decided by the San Antonio Court, which was later in point of time, is a "prior decision" within the meaning of Article 1728. See City Nat. Bank in Childress v. Phillips Petroleum Co., 124 Tex. 456, 78 S.W.2d 576; cf. Bland v. Free, Tex., 344 S.W.2d 435 (reversed, 368 U.S. 811, 82 S.Ct. 50, 7 L.Ed.2d 21). We now find that such question is not presented, because our jurisdiction of this case does not turn upon a construction of the statute in that respect.

Petitioners have sought a change of venue under the mandatory provisions of Exception 14. Respondent controverted the pleas of privilege, and at the hearing thereon introduced the petition and established the facts necessary, if Exception 14 is not applicable, to maintain venue in Travis County under the permissive terms of Section 4(f). The first question to be decided then is whether the case falls within the purview of Exception 14. For reasons that are not entirely clear to us, the parties did not brief that question in the Court of Civil Appeals. Petitioners asserted that it was without dispute that the suit affects the title to lands situated in Bexar County. Respondent challenged such statement in the opening paragraph of his brief in the Court of Civil Appeals, but he has never argued that Exception 14 could have no application to a case of this character even if the receiver of an insurance company were not a party. This doubtless accounts for the manner in which the Court of Civil Appeals approached its decision. After observing that the suit affects lands located in Bexar County, the intermediate court considered and decided the question argued by the parties, i. e., wheth-

1. "2. Those in which one of the Courts of Civil Appeals holds differently from a prior decision of another Court of Civil Appeals, or of the Supreme Court upon any question of law material to a decision of the case."

er Exception 14 or Section 4(f) governs the venue of a case to which each would be applicable under its own terms.

For the sake of brevity, we shall summarize and state as facts the matters which, according to the petition, respondent will attempt to establish. Each of the corporate defendants is the alter ego of two individual defendants. In 1955 all of the defendants entered into a joint venture and conspiracy to defraud Franklin American Insurance Company, which was then known as Houston American Insurance Company. Two of the individual defendants arranged to and did buy 230,521 shares of stock in the company, which was a controlling interest, and certain other property for a total consideration of $409,000.00. The money used to make such purchase was borrowed from a bank. Four of the individual defendants were directors of the bank. As soon as the transaction was consummated, the two defendants in whose names the stock was purchased assumed control of the company. They then withdrew $484,000.00 of company funds and used the same largely to pay their indebtedness to the bank. On the same date, two of the other individual defendants, acting in the name of Highland Hills, Inc., one of the corporate defendants controlled by them, executed to the company a note for $484,000.00 dated January 9, 1956, and secured by a deed of trust on two tracts of land in Bexar County. A few days later part of the stock which had been purchased was issued to each of the individual defendants.

The original note was released in November, 1956, and a new note in the same amount was executed by Highland Hills, Inc., to the company. This note was secured by a deed of trust on the land described in the earlier instrument, but the deed of trust was not filed for record. The second and all subsequent notes and deeds of trust were also released, and on each occasion except the last Highland Hills, Inc., executed a new note to the company secured by a deed of trust on part or all of the Bexar County land.

Defendants paid $100,000.00 to the company in December, 1956, and such payment was credited by the company on the principal and interest of the second $484,000.00 note. The last note executed by Highland Hills, Inc., to the company was in the principal sum of $402,000.00 and dated January 2, 1957. It was secured by a deed of trust covering only one of the tracts described in the original security instrument. Early in 1957 the individual defendants sold their stock in the company and received as part of the consideration 27,563 shares of Insuromedic Insurance Company stock. The latter stock, which was worth not more than $73,550.49, was then transferred to the company in return for a release of the $402,000.00 note.

Before and after the $402,000.00 note was released, portions of the land described in the original deed of trust were conveyed, reconveyed, and mortgaged by and to different defendants. Parts of the land were also subdivided and many lots were conveyed to innocent purchasers. Respondent alleged that the original note for $484,000.00 constitutes and is secured by a valid and subsisting lien on the property described in the deed of trust of even date therewith. He also alleged that the releases, as well as the later conveyances, deeds of trust and other instruments executed by and between the defendants, were executed in furtherance of the scheme and conspiracy of defendants to defraud the company and should be cancelled. The prayer of the petition is: (1) for judgment cancelling, or in the alternative subordinating to the lien therein sought to be established, all deeds, deeds of trust and other instruments sought to be so cancelled or subordinated; (2) for judgment against the defendants, jointly and severally, for the amount alleged to be owing on the original note, including principal, interest and attorney's fees; (3) for foreclosure of the lien on the land described in the deed of trust, exclusive of any theretofore conveyed or

encumbered to innocent purchasers who are not defendants; and (4) for other relief not material here.

In support of their contention that the present case is governed by Exception 14, petitioners cite Carlton v. Newton, Tex.Civ. App., 44 S.W.2d 475 (no writ). The plaintiff there alleged that he had advanced money to one of the defendants to discharge certain indebtedness secured by a lien on land situated in Nueces County. He brought suit against his debtor and the latter's grantee, Newton, to fix and foreclose the lien he asserted on the land, alleging that the conveyance to Newton was made without consideration for the purpose of hindering and delaying creditors. It was held that since the purpose of the suit, as respects Newton, was to establish and foreclose a prior lien, the case was governed by Exception 14. We are of the opinion that such holding is unsound in principle, because it fails to recognize the distinction between a foreclosure suit and an action for the recovery of or removal of encumbrances from title.

■ If respondent obtains all the relief sought, the lien he asserts will be foreclosed. In that sense the suit does affect the title to Bexar County land, but it is well settled that an action to foreclose a lien on real estate is not governed by the provisions of Exception 14. See Brader v. Ellinghausen, Tex.Civ.App., 154 S.W.2d 662 (no writ) ; Federal Land Bank of Houston v. Downs, Tex.Civ.App., 127 S.W.2d 952 (no writ) ; Childress v. Brooks, Tex. Civ.App., 265 S.W. 224 (no writ) ; Holcomb v. Williams, Tex.Civ.App., 194 S.W. 631 (no writ). That is so even where the plaintiff seeks, as an incident to his foreclosure action, to set aside a conveyance as having been made in fraud of creditors or reform one of the security instruments. McGriff v. Hazle, Tex.Civ.App., 201 S.W.2d 92 (no writ) ; Miller v. Matthews, Tex.Civ.App., 176 S.W.2d 1011 (no writ) ; Chandler v. Broussard, Tex.Civ.App., 170 S.W.2d 573 (no writ). See also Eckert v. Wendel, 120

Tex. 618, 40 S.W.2d 796, 76 A.L.R. 855; Lehmberg v. Biberstein, 51 Tex. 457.

■ Although there is a prayer for cancellation of certain releases and other title instruments, respondent does not seek to recover, remove encumbrances from or quiet the title to land. He claims no right, title or interest in the property other than a lien. If and when the releases and other instruments are cancelled, he still will have no title to the land, legal or equitable. According to the allegations of the petition, all of the petitioners who own an apparent interest in the property hold through and under the original mortgagor. There is nothing to suggest that any of them claims by a title independent of or superior to that owned by Highland Hills, Inc., when the deed of trust was executed. The primary and ultimate purpose of respondent's suit, in so far as it concerns the land, is to establish that the interests of the defendants are subject to the lien he asserts and to obtain a foreclosure of such lien. An action of this type is not governed by Exception 14, and venue lies in Travis County under the permissive terms of Section 4(f). The trial court and the Court of Civil Appeals have thus reached a correct result, but that result properly rests upon a ground other than the holding which is in conflict with the decision of the San Antonio Court of Civil Appeals. This leads to the conclusion that the writ of error was improvidently granted in the present case. MacDonald v. Trammell, Tex., 356 S.W.2d 143.

The order granting the application for writ of error is set aside, and the application is dismissed for want of jurisdiction.

NORVELL, Justice (dissenting).

In my opinion the decision in Carlton v. Newton, Tex.Civ.App., 44 S.W.2d 475, no wr. hist., indicates a simple and correct solution to the problem before us in this case. The Court merely complicates matters by saying that a party may sue in one county to remove a cloud from title when

that cloud happens to be an asserted right to foreclose a mortgage, and at the same time asserts that the mortgagee may bring suit in another county and name as parties thereto all those who claim adversely to the holder of the mortgage. I think petitioners' motion for rehearing should be granted, that this Court should assume jurisdiction in this case and reverse the judgment of the Court of Civil Appeals and order the cause transferred to one of the District Courts of Bexar County for trial.

The Legislature has adopted certain exceptions to the general venue rule that a defendant should be sued in the county of his residence, primarily because of considerations of convenience. Exception 14 of Article 1995, Vernon's Ann.Tex.Stats., being mandatory, we may conclude that the Legislature considered it important from the standpoint of litigants that land suits be tried in the county where the records relating to such lands were accessible and where witnesses familiar with the lands were readily available. The petitioners by proper plea asserted in the trial court their privilege to have this suit tried in the county where the land was situated. The respondent as plaintiff in the trial court was thereupon required "to assume the burden of pleading and proving that he has a statutory right to maintain his suit in the county where he has filed the same." Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223.

This Court has held that the respondent has met this burden, i. e., that the present action as made by the petition is not a suit "for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land." I cannot agree with this conclusion. If we give any weight to substance and to convenience of trial, the present suit must be considered as one to remove an incumbrance upon the title to land. Insofar as the venue question is concerned, the case as made by the petition is as simple as A,

B, C. A executes a mortgage to B. Later through fraud A induces B to release the mortgage. A then conveys the land to C. B then sues both A and C to subject the land to his mortgage. Can it be said that A's deed to C is not an incumbrance upon the title to land insofar as B's rights are concerned? Let us take this situation: B conveys land to A who afterwards conveys to C. B then sues A and C contending that his execution of the conveyance to A was induced by fraud. Certainly here, the deed from A to C is an incumbrance upon the title asserted by B. This then raises the further question: In *substance,* is there any difference between the two situations mentioned?

Then we might consider this example which is not uncommon in land litigation. More than A, B and C are involved. B secures a deed apparently executed by A. B conveys to C and the property then passes by mesne conveyances to M. However, shortly after A's purported conveyance to B, A executes a deed to N and the property passes by mesne conveyances to Y who executes a mortgage to Z. Z brings suit to foreclose this mortgage naming all the letters of the alphabet from B to M as defendants upon the theory that the purported conveyance from A to B is a forgery. Can it be said that simply because Z's interest in the property is that of a mortgagee, the suit is not one for the removal of an incumbrance to the title to land? Would it have made a substantial difference if Y, the mortgagor, had brought the suit to clear his title of the claims of B to M inclusive? In essence are not the actions the same whether brought by the mortgagor or mortgagee?

I would hold that whenever a mortgagee, asserting a lien on land, seeks to subject the apparent interest of others (not parties to the mortgage, and not admittedly holding subject to the mortgage) to the lien of the mortgage by setting aside releases relating to the mortgage or deeds apparently affecting the land covered by the

mortgage, his suit is one for the removal of an incumbrance to the title to land and controlled by Exception 14. I accordingly, dissent.

SMITH and GREENHILL, JJ., join in this dissent.