

# The Attorney General of Texas

December 31, 1984

JI¯ ] MATTOX
A ɔrney General

3ı reme Court Building
P. O. Box 12548
Austin, TX. 78711· 2548
5´ 475-2501
Tı ıx 910/874-1367
Telecopier 512/475-0266

7 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
9 ı/533-3484

1001 Texas, Suite 700
Ⱶ uston, TX. 77002-3111
7 ı/223-5886

Ɛ ɔ Broadway, Suite 312
Ⱡ bbock, TX. 79401-3479
806/747-5238

ı ɔ9 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
ı 2/225-4191

An Equal Opportunity/
Ɪirmative Action Employer

Woodrow W. Mize, P.E.
Executive Director
Texas State Board of Registration
    for Professional Engineers
P. O. Drawer 18329
Austin, Texas   78760

Opinion No. JM-290

Re:  Whether the license of
a registered engineer must be
revoked upon his conviction
of a felony

Dear Mr. Mize:

You ask whether the provisions of article 6252-13c, V.T.C.S., an act relating to occupational and professional licensing of certain persons with criminal backgrounds, conflict with provisions of the Texas Engineering Practice Act, article 3271a, V.T.C.S., regarding the revocation of licenses issued by the Texas State Board of Registration for Professional Engineers. Specifically, you ask whether revocation of the license of a registered professional engineer is mandatory upon his conviction of a felony.

In 1981 the legislature enacted article 6252-13c, V.T.C.S. That statute, after excluding from its application judges, lawyers, and peace officers (or persons seeking to become such; see also V.T.C.S. 6252-13d, §5), provides in section 4(a):

> A licensing authority <u>may</u> suspend or revoke an existing valid license, disqualify a person from receiving a license, or deny to a person the opportunity to be examined for a license because of a person's conviction of a felony or misdemeanor <u>if the crime directly relates to the duties and responsibilities of the licensed occupation.</u> (Emphasis added).

Section 4(e), however, provides:

> Upon a <u>licensee's felony</u> conviction, <u>felony</u> probation revocation, revocation of <u>parole</u>, or revocation of <u>mandatory supervision</u>, his license <u>shall</u> be revoked. (Emphasis added).

It has been suggested that sections 4(a) and 4(e) of article 6252-13c are in irreconcilable conflict because section 4(a) indicates that an existing valid license may be revoked for conviction of a

felony if the felony directly relates to the duties and responsibilities of the licensed occupation, while section 4(a) requires the mandatory revocation of a license if the licensee is convicted of any felony. Alternatively, it has been suggested that both sections may stand if section 4(e) is read to require the revocation of a license for a felony only if a determination has first been made pursuant to section 4(a) that the felony directly relates to the duties and responsibilities of the licensed occupation. We think both provisions may stand, but for a different reason.

In our opinion, section 4(a) of the statute controls the discretion given licensing boards concerning the effect of major criminal law transgressions by a person before he receives a license and the effect of his minor transgressions, whenever they occur. Section 4(e), on the other hand, controls the weight to be given by such boards to a felony conviction that occurs while the actor is a licensed representative of the profession or occupation. It takes away the board's discretion and makes revocation of the license mandatory, in our opinion.

This difference in the operation of the two article 6252-13c sections does not put them in conflict, although section 4(a) might be read by itself to "allow" a permissive revocation or suspension of an existing license for a felony conviction upon the "directly relates" conditions. Rules of statutory construction followed in Texas eliminate any "conflict" with the mandatory provision, for where a permissive provision of a statute is confronted by a mandatory provision, the permissive provision yields, avoiding conflict. See Langdeau v. Burke Investment Co., 351 S.W.2d 287 (Tex. Civ. App. - San Antonio 1961), aff'd, 358 S.W.2d 553 (Tex. 1962); Kerrville Bus Co. v. Continental Bus System, 208 S.W.2d 586 (Tex. Civ. App. - Austin 1947, writ ref'd n.r.e.); Attorney General Opinion MW-457 (1982).

It is argued, however, citing Schware v. Board of Bar Examiners, 353 U.S. 232 (1957), that such an interpretation of the statute would render it unconstitutional as a deprivation of due process or equal protection under the federal Constitution -- an arbitrary deprivation of the "freedom to develop one's talents." See I Antieau, Modern Constitutional Law, §3:16 at 227 (1969). Schware involved an applicant for a state bar examination who was excluded therefrom primarily for past political activities. He also had a record of past criminal arrests, but no convictions. The United States Supreme Court held his exclusion on that basis to be improper. In our opinion, the revocation of the license of a current licensee for conviction of a felony offense while currently licensed is easily distinguishable. See Barsky v. Board of Regents, 347 U.S. 442 (1953).

A felony is a crime for which a permissible punishment is death or confinement in the penitentiary. See Penal Code §1.07(a)(14); Ex parte Blume, 618 S.W.2d 373 (Tex. Crim. App. 1981). Every felony is

an "infamous" offense, the conviction of which, under common law principles, is an indication of bad character. Bennett v. State, 5 S.W. 527 (Tex. App. 1887); Dixon v. McMullen, 527 F. Supp. 711 (N.D. Tex. 1981). The public has a right to expect, and the state has a legitimate interest in requiring, that persons licensed by the state (and thus given its approval as warranting public confidence in their licensed transactions) will be, and will remain, persons of good character.

It is reasonable to require that remote convictions, even for serious offenses, not automatically disqualify applicants for licenses, because applicants have not yet been loosed upon the public as licensed practitioners of their chosen calling, and evidence of their possible reformation or current good character can be considered for the purpose of refuting inferences from past felony convictions without risk to the public. But licensed persons of bad character pose a threat to members of the public dealing with them, and a current felony conviction of a licensee connotes an immediate character flaw, not some remote transgression from which reliable inferences of present character may be difficult to draw. See Barsky v. Board of Regents, supra. Cf. Emory v. Texas State Board of Medical Examiners, No. 84-1353 (5th Cir. Dec. 17, 1984).

In our opinion, article 6252-13c, as we interpret it, easily meets the "rational relationship" constitutional test and is at least facially constitutional. See New Orleans v. Dukes, 427 U.S. 297 (1976); United States v. Giles, 640 F.2d 621 (5th Cir. 1981); Dixon v. McMullen, supra. We therefore turn to the relationship of article 6252-13c, V.T.C.S., and article 3271a, V.T.C.S., the Texas Engineering Practice Act.

The pertinent provisions of the Texas Engineering Practice Act are found in sections 8 and 22. Section 8(a) confers on the Board of Registered Professional Engineers the authority and power to "make and enforce all rules and regulations necessary . . . to establish standards of conduct and ethics of engineers. . . ." Section 22 in part provides:

> Sec. 22. The Board shall revoke, suspend, or refuse to renew a registration, shall reprimand a registrant, or may probate any suspension of any registrant who is found guilty of:
>
> (a) The practice of any fraud or deceit in obtaining a certificate of registration;
>
> (b) Any gross negligence, incompetency, or misconduct in the practice of professional engineering as a registered professional engineer; or

        (c) A violation of this Act or a Board rule.

Conviction of a felony is not -- aside from any board rule that might touch the subject -- an express basis for license revocation under the Texas Engineering Practice Act. Certainly, that statute does not expressly mandate the revocation of an engineer's registration upon his conviction of _any_ felony.

These sections of the Texas Engineering Practice Act and article 6252-13c, V.T.C.S., are _in pari materia_, and must be read together (and the law applied) as though they were parts of the same act. See 53 Tex. Jur. 2d _Statutes_ §186, at 281. When so read, the same rule that resolved the "conflict" between the two provisions of article 6252-13c also resolves any apparent conflict here.

To the extent that article 6252-13c mandates the revocation of a license or registration for causes which article 3271a does not address or for which article 3271a permits revocation (but does not require it), article 6252-13c controls. To the extent that the Texas Engineering Practice Act mandates the revocation of an engineer's registration for causes not addressed by article 6252-13c or causes for which article 6252-13c permits revocation, but does not require it, article 3271a controls. See _Langdeau v. Burke Investment Co._, _supra_; _Kerrville Bus Co. v. Continental Bus System_, _supra_; Attorney General Opinion MW-457 (1982).

In our opinion, therefore, it is mandatory that the Texas State Board of Registration for Professional Engineers revoke the registration of a registered professional engineer upon his conviction of a felony while so licensed.

### S U M M A R Y

It is mandatory that the Texas State Board of Registration for Professional Engineers revoke the registration of a registered professional engineer upon his conviction of a felony while so licensed.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jennifer Riggs
Bruce Youngblood