**BRADER et al. v. ELLINGHAUSEN.**

No. 14272.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 19, 1941.

Rehearing Denied Oct. 17, 1941.

Clark, Craik, Burns & Weddell and J. Harold Craik, all of Fort Worth, for appellants.

E. H. Ratcliff, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Tarrant County overruling a plea of privilege.

In his petition plaintiff alleges that he performed certain legal services for the defendants R. R. Brader and Ozro Groves, partners doing business under the name of Brader and Groves; that said partners agreed to pay plaintiff when they had procured sufficient funds either from the sale of leases, or from the proceeds of production from them, on certain lands in Young County, Texas; that thereafter Groves sold his interest in the partnership and in the partnership property to the defendant C. F. Wells, in consideration of a certain amount of cash and certain notes, it being agreed in the transaction that the new partnership of Brader and Wells should assume and pay off the debts of the old partnership, including that of plaintiff; that at the time of this sale to Wells all of the parties, including plaintiff, agreed that the amount owing to plaintiff should be fixed at $800; that Groves became entitled to an equitable lien upon the partnership property to secure him in the payment of the balance owing to him for the interest in the partnership sold by him to Wells, and also to secure him upon the agreement made by Brader and Wells to pay off the partnership debts; that thereafter Groves transferred and assigned to plaintiff all his rights, titles and equities in such property; and that the lien so transferred by Groves to plaintiff secures the payment of the $800 claim for attorney's fees. Plaintiff also sues for attorney's fees in the additional amount of $130, for which he does not claim a lien. The petition contains the following allegation: "That the defendant, Jewel Brader, wife of R. R. Brader, is claiming and asserting some character of interest in and to the oil, gas and mineral rights under and by virtue of the oil and gas lease covering the said lands, the exact nature of such interest being to this plaintiff unknown."

The prayer of the petition is that plaintiff have judgment against all of the defendants for the sum of $800, for "foreclosure of said equitable vendor's lien" in said amount, for judgment against R. R. Brader and C. F. Wells for an additional sum of $130, and for costs and general and special relief.

The defendant Groves filed an answer admitting the indebtedness to plaintiff, and also alleged that Brader and Wells were dissipating the income from the well and using it for purposes other than payment of the partnership debts, and sought the appointment of a receiver of the property. Grove's answer is not shown in the transcript, but it is stated in appellants' brief that he filed such an answer, and appellee in his brief appears to agree with the statement of appellants concerning it. Plaintiff then filed an amended petition, containing the same allegations which were in his original petition, and in addition adopting Grove's allegations and prayer with respect to the appointment of a receiver. This amended petition is also omitted from the transcript, but the parties appear to agree in their briefs as to the contents of it. While we do not desire to commit ourselves as approving this manner of submitting these omitted pleadings to us, we shall for the purposes of this opinion consider them as if they had been shown in the transcript.

The defendants R. R. Brader and wife, Jewel Brader, residents of Tarrant County, and C. F. Wells, a resident of McLennan County, filed a plea of privilege, claiming the right to remove the case to Young County, under Section 14, of Art. 1995, Revised Civil Statutes, which provides: "14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Plaintiff filed a controverting plea, making his original and first amended petitions a part thereof, alleging that he relied for venue in Tarrant County upon the fact that three of the defendants resided in Tarrant County, and that all of the defendants were proper and necessary parties to the cause, and further that the suit was one to foreclose a lien, and not one to recover any land or damages thereto, or to remove an incumbrance, or to quiet title, or to prevent or stay waste.

In their first proposition, appellants contend that the case falls under Section 14 of Article 1995, because three of the defendants deny the lien claimed by plaintiff, because plaintiff's petition alleges that Jewel Brader is claiming some interest in the property without questioning or denying her title or alleging that her claim is inferior to the lien claimed by plaintiff, and because the allegations seeking appointment of a receiver constitute an action to stay or prevent waste. Appellants rely upon the following cases, none of which we consider in point.

Budde v. Navarro Oil Co., Tex.Civ.App., 125 S.W.2d 1055. In this suit the primary, dominant and ultimate purpose, as said by the Galveston Court of Civil Appeals, was to recover title and possession of an oil and gas royalty interest, which, under the Texas decisions, is an interest in land. Black v. Black, Tex.Civ.App., 82 S.W.2d 1073. In this case it was held that, under the record, the primary purpose of the suit was to recover an interest in land, and incidentally to obtain a partition and accounting. Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171. This suit was one to establish an interest in land, and to recover damages for the value of oil taken therefrom. Norris v. Gulf Production Co., Tex.Civ.App., 149 S.W.2d 681. This case was similar to the Navarro Oil Co. case, supra, and the same ruling was made by the Galveston Court of Civil Appeals. Pena v. Sling, 135 Tex. 200, 140 S.W.2d 441, 128 A.L.R. 1223. This decision, by the Supreme Court answering questions certified by the Court of Civil Appeals, is authority only, in our judgment, upon pleas of privilege filed in partition suits, and upon the construction of Section 13, with reference to Section 14. Republic Ins. Co. v. Walters, Tex.Civ.App., 88 S.W.2d 726. In this suit plaintiff sued in Dallas County for title and possession of real estate situated in Gregg County, for a deficiency judgment on certain notes payable in Dallas County, and in the alternative, for foreclosure of lien if it should be held that a deed of trust sale theretofore made was invalid. The Dallas Court of Civil Appeals, which decided Black v. Black, supra, held that the plaintiff could not maintain venue in Dallas County on the suit to recover title to the land by joining with that suit an action to recover on a note payable in Dallas County, under the rule that Section 14 will govern over any other exception to the Statute. But in the opinion it was stated that a suit for foreclosure of lien only could have been maintained in Dallas County, though the land lay in Gregg County. South Texas Development Co. v. Williams, 130 Tex. 217, 107 S.W.2d 378.

In this case there was no controversy about the suit being one affecting the title to real estate. The point at issue was this: That the suit must be transferred to the county where the land lies, even though the defendants filing the plea of privilege reside in the county where the suit is brought.

We have outlined the holding in each of the cases cited by appellant, to demonstrate that none of them is in conflict with the decisions holding that a suit for foreclosure of a lien is not governed by Section 14. The holding in these latter cases is clear, and we refer to them for the reasons for the holding. An allegation that one or more of the defendants is claiming some character of interest in the land does not convert the suit into one affecting the title in such way as to bring the suit under Section 14. See Holcomb v. Williams, Tex.Civ.App., 194 S.W. 631; Sumner v. Jester, Tex.Civ.App., 252 S.W. 1088; .Childress v. Brooks, Tex.Civ.App., 265 S.W. 224; Federal Land Bank v. Downs, Tex.Civ.App., 127 S.W.2d 952; and cases cited in those opinions.

Appellants urge that the application for appointment of a receiver constituted this a suit to stay or prevent waste, within the provisions of Article 1995, Section 14. Waste is described in 43 Tex.Jur. page 977, as being an unlawful act or omission of duty on the part of a tenant which results in permanent injury to the inheritance. The action is usually against a tenant, brought by the reversionary owner of the property. But it may be brought by the holder of a mortgage, where the value of the security is threatened. 29 Tex.Jur. page 887. With respect to mines and minerals, it is the unauthorized removal thereof which constitutes waste. As we have pointed out, the answer of the defendant Groves, and the amended petition of the plaintiff, in which were contained the allegations and prayer seeking appointment of a receiver, do not appear in the transcript. The only information before us as to the character of such allegations is the statement found in appellants' brief that the appointment of a receiver was sought upon the theory that the defendants were dissipating the income from the lease without paying off the partnership debts. The petition does not charge that the removal of the oil and gas from the lease was wrongful. It simply asks that the court appoint a receiver to take possession of the property and hold the income from it pending a final judgment in the case. The situation is the same, with respect to venue, as if the plaintiff had attached or sequestered the property, in order to keep it in- custodia legis during the pendency of the suit. We do not consider that the exercise of such an ancillary remedy brings the suit within Section 14.

 By their second proposition appellants urge that the burden was upon the plaintiff to prove, at the venue hearing, that no issue of title was involved in the suit. Under the authorities, including those above cited by both parties, the character of the action must be determined by the allegations in the plaintiff's petition. In Pena v. Sling, supra, as we construe the opinion of the Supreme Court, it is held that a petition in a partition suit is sufficient to put the title to the land in issue, and that the plaintiff, to maintain venue, must therefore prove that there was no issue as to title. But we find no authority for such requirement in a suit to foreclose a lien.

The judgment of the trial court is affirmed.