COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-393-CV

 

 

BLACKBURNE & BROWN MORTGAGE                                   APPELLANTS

FUND
I AND DAVID, GOODMAN &

MADOLE,
A PROFESSIONAL

CORPORATION

 

                                                   V.

 

ATMOS ENERGY CORPORATION                                              APPELLEE

F/K/A
TXU GAS CO.

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In seven issues, Appellants
Blackburne & Brown Mortgage Fund I (ABlackburne@) and David,
Goodman & Madole, A Professional Corporation, (ADGM@) appeal the
trial court=s orders
granting summary judgment in favor of Appellee Atmos Energy Corporation and
granting sanctions against DGM in the amount of $24,000.  We will affirm.

I. Factual and Procedural
Background

In January 2004, raw sewage
flooded a retirement home (the Aproperty@) located in
Fort Worth.  Blackburne, who held a deed
of trust covering the property as security for a loan that it had extended to
the owners, sued Atmos for damages sustained by the property.  Blackburne alleged that the property flooded
because Atmos negligently damaged a sewer line running underneath the property
in connection with either the original installation in 1999 of a gas line
located on top of the sewer line by independent contractor S.L. Sibert or the
subsequent lowering of the gas line around the same time of the sewage flood by
independent contractor Driver Pipeline.








On September 25, 2006, the
trial court signed an order granting Atmos=s no evidence motion for summary judgment on the ground that Atmos did
not owe Blackburne a duty.  That same
day, the trial court signed an order granting Atmos=s motionCpursuant to
Texas Rule of Civil Procedure 13 and Chapter 10 of the Texas Civil Practice and
Remedies CodeCagainst
Blackburne for frivolous pleadings and awarded Atmos attorneys= fees in the amount $24,000 as a sanction against DGM, who represents
Blackburne.  The trial court signed a
first amended order granting Atmos=s motion for frivolous pleadings on October 26, 2006.

II.  No
Evidence Motion for Summary Judgment

In its first issue,
Blackburne argues that the trial court erred by granting Atmos=s no evidence motion for summary judgment because Blackburne came
forward with evidence showing that Atmos Aexercised control over the process by which@ the gas line was installed and Aacknowledged its responsibility for the damage to the sewer line.@

A.  Standard Of Review

After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).








When reviewing a no evidence
summary judgment, we examine the entire record in the light most favorable to
the nonmovant, indulging every reasonable inference and resolving any doubts
against the motion.  Sudan v. Sudan,
199 S.W.3d 291, 292 (Tex. 2006).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied). 
Less than a scintilla of evidence exists when the evidence is so weak
that it does nothing more than create a mere surmise or suspicion of a
fact.  Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex. 1983).  A genuine
issue of material fact is raised by presenting evidence on which a reasonable
jury could return a verdict in the nonmovant=s favor.  Moore, 981
S.W.2d at 266; see also Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 255-56, 106 S. Ct. 2505, 2513-14 (1986) (interpreting Fed. R. Civ. P. 56).

B.  No Evidence Of Duty








A negligence cause of action
consists of (1) a legal duty owed by one person to another, (2) a breach of
that duty, and (3) damages proximately resulting from the breach.  Firestone Steel Prods. Co. v. Barajas,
927 S.W.2d 608, 613 (Tex. 1996); Greater Houston Transp. Co. v. Philips,
801 S.W.2d 523, 525 (Tex. 1990).  A
prerequisite to tort liability is the existence of a legally cognizable
duty.  Barajas, 927 S.W.2d at
613.  The plaintiff must establish both
the existence and the breach of a duty owed to the plaintiff by the defendant
to establish liability.  Philips,
801 S.W.2d at 525.  Whether a duty exists
is a question of law for the court to decide from the facts surrounding the
occurrence in question.  Id.

Although a general contractor
does not ordinarily owe a duty to ensure that an independent contractor
performs its work safely, a duty arises if the general contractor retains some
control over the manner in which the independent contractor performs its work.  Lee Lewis Constr., Inc. v. Harrison,
70 S.W.3d 778, 783 (Tex. 2001); Elliot-Williams Co., Inc. v. Diaz, 9
S.W.3d 801, 803 (Tex. 1999).  In order
for liability to attach, the retained right of control must be Amore than a general right to order the work to start or stop, to
inspect progress or receive reports.@  See Hoechst-Celanese
Corp. v. Mendez, 967 S.W.2d 354, 356 (Tex. 1998); Johnson v. Scott
Fetzer Co., 124 S.W.3d 257, 265 (Tex. App.CFort Worth 2003, pet. denied). 
The retained right of control must extend to the operative details of
the contractor=s work such
that the contractor is not free to do the work in his own way.  Johnson, 124 S.W.3d at 265; see
also Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex. 1985)
(citing Restatement (Second) of Torts
' 414 (1977)).













In this case, Blackburne
relied on the affidavits of Ray Bartram and Donna Barbee and the deposition
testimony of Peter Pederson, Atmos=s corporate representative, to raise a genuine issue of material fact
in response to the challenged negligence element of duty.  Bartram=s affidavit merely sets forth the events surrounding his assumption of
a promissory note secured by a deed of trust in favor of Blackburne and the
eventual discontinuance of the property=s use due to the Asewer backup.@  Bartram=s affidavit provides no facts indicating that Atmos retained some
control over the manner in which the independent contractors, Sibert and
Driver, performed their work installing and lowering the gas line in 1999 and
2004.  Similarly, Barbee=s affidavit merely states that she operated the property in January
2004, that the property was flooded with sewage on January 16, 2004, and that a
representative from TXU Gas Co.[2]
Aaccepted responsibility for the sewer back up due to the gas utility
interfering with the sewer line.@  Like Bartram=s affidavit, Barbee=s affidavit sets forth no facts demonstrating that Atmos retained some
control over the manner in which Sibert and Driver installed and lowered the
gas lines in 1999 and 2004.  To the
extent that Barbee=s statementCthat TXU Gas Co. Aaccepted responsibility for the sewer back up@Ccan be interpreted as evidence of duty, it is a conclusory statement
that does nothing more than create a mere surmise or suspicion of a fact; it is
not evidence on which a reasonable jury could return a verdict in Blackburne=s favor.  See Kindred,
650 S.W.2d at 63; Moore, 981 S.W.2d at 266.  Consequently, the affidavits of Bartram and
Barbee fail to set forth evidence raising a genuine issue of material fact that
Atmos owed Blackburne a legal duty.  See
Harrison, 70 S.W.3d at 783 (holding that a duty arises if the general
contractor retains some control over the manner in which the independent
contractor performs its work).








Regarding the deposition
testimony of Pederson, he testified that the only work performed on the gas
line underneath the property consisted of its installation in 1999 by
independent contractor Sibert, its lowering in 2004 by independent contractor
Driver, and a leakage survey conducted in 2003. Although Pederson testified
that there is normally an Atmos employee Awho would visit the site and inspect specifications,@ he unequivocally stated that Atmos does not direct the work performed
by its contractors and that the contractor Ais responsible for [the] method and means of installation.@  In terms of the installation
of the gas line in 1999, Pederson testified that Sibert was responsible for the
Amanner and method@ of work and for Adirecting@ the
work.  Pederson offered no testimony that
Atmos retained a level of control over the work performed by Sibert and Driver
such that they were not free to perform the work in their own way.  See Johnson, 124 S.W.3d at 265.  Rather, the level of control exercised by
Atmos over Sibert and Driver as testified to by Pederson was no Amore than a general right to order the work to start or stop, to
inspect progress or receive reports.@  See Hoechst-Celanese Corp.,
967 S.W.2d at 356; Johnson, 124 S.W.3d at 265.  As such, Pederson=s deposition testimony fails to set forth evidence raising a genuine
issue of material fact that Atmos owed Blackburne a legal duty.  See Harrison, 70 S.W.3d at 783.

Having examined the summary
judgment evidence in the light most favorable to Blackburne, indulging every
reasonable inference and resolving any doubts against the motion, we hold that
the trial court did not err by granting Atmos=s no evidence motion for summary judgment.  We overrule Blackburne=s first issue.

III.  Sanctions

In issues two through seven, DGM[3]
asserts various arguments challenging the trial court=s
September 25, 2006 and October 26, 2006 orders awarding Atmos attorneys= fees
in the amount of $24,000 as sanctions against DGM for filing frivolous
pleadings.  For the reasons set forth
below, we need only address the arguments relevant to the October 26, 2006
order imposing sanctions.

 

 

 

 








A.  Plenary Power

 

In its fifth issue, DGM
argues that the October 26, 2006 order granting Atmos=s motion for frivolous pleadings is void because the trial court=s plenary jurisdiction expired one day earlier on October 25, 2006.

A trial court may impose
sanctions after a judgment is entered so long as it retains plenary
jurisdiction.  Scott & White Mem=l Hosp. v. Schexnider, 940 S.W.2d
594, 596 (Tex. 1996).  A court retains
jurisdiction over a case for thirty days after entry of judgment.  Tex.
R. Civ. P. 329b(d).  This period
is extended up to an additional seventy-five days upon the timely filing of a
motion for new trial or motion to correct, modify, or reform the judgment.  Tex.
R. Civ. P. 329b(c), (g); Lane Bank Equip. Co. v. Smith S.
Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000).  Judicial action taken after the trial court=s plenary power has expired is void. 
In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998); State
ex rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995).








Here, the trial court=s order granting Atmos=s no evidence motion for summary judgment and its order granting Atmos=s motion for frivolous pleadings, both signed on September 25, 2006,
disposed of all claims and parties.  The
trial court=s plenary
power expired thirty days later on October 25, 2006, if neither party timely
filed a motion for new trial or motion to correct, modify, or reform the
judgment, which would have extended the trial court=s plenary power until thirty days after such a motion was overruled by
written order or by law.  Blackburne
filed a motion to reconsider the September 25, 2006 sanctions order on October
13, 2006.  The motion states in part the
following:

[Blackburne
and DGM] request that the Court [] reconsider the September 25, 2006 Order
Granting Atmos Energy=s
Motion Against Blackburne for Frivolous Pleadings because the order is
defective under Rule 13 and Chapter 10 in that the order does not contain the
findings required by Rule 13 and Chapter 10. . . .

 

The
Court=s
September 25 Order Granting Atmos[] Energy=s Motion for Frivolous
Pleadings merely states that Atmos= motion is granted, and
without any further findings or explanation, that Blackburne=s
claims against Atmos are dismissed with prejudice, and awarding Atmos sanctions
in the amount of $24,000 against David, Goodman & Madole. . . .

 

Blackburne
and David, Goodman & Madole request the Court to reconsider its order and
withdraw the order in its entirety.  Alternatively,
Blackburne and David, Goodman & Madole request the Court to clarify the
order with the findings required by TRCP 13 and CPRC '
10.005.  [Emphasis
added.] 

 








Blackburne thus did not ask the trial court to
merely reconsider its decision to impose sanctions.  Rather, it also requested that the trial
court correct the September 25, 2006 order because it does not contain the
required findings mandated by rule 13 and section 10.005 of the civil practice
and remedies code.[4]  Because Blackburne=s motion requested that the trial court correct or modify its
September 25, 2006 order so that it meets the specificity requirements
delineated in rule 13 and section 10.005, the motion constituted a rule 329b(g)
motion to modify, correct, or reform a judgment; therefore, it extended the
trial court=s plenary
power until thirty days after the motion was overruled by written order or by
law.  See Tex. R. Civ. P. 329b(e), (g). 
Having signed the October 26, 2006 amended order granting Atmos=s motion for frivolous pleadings just thirteen days after Blackburne
filed its motion to reconsider, the trial court had jurisdiction to enter the
October 26, 2006 amended order awarding Atmos sanctions.  Accordingly, we overrule DGM=s fifth issue.








In its third issue, DGM argues that the September 25, 2006
order awarding sanctions does not meet the specificity requirements of rule 13
and section 10.005.  In its fourth issue,
DGM argues that the trial court abused its discretion by signing the September
25, 2006 order without having conducted an evidentiary hearing.  Because the October 26, 2006
order superseded the September 25, 2006 order, we overrule DGM=s third and fourth issues, which present arguments concerning the
September 25, 2006 order.

B.  Sufficiency Of Evidence And Evidentiary
Hearing

 

In its seventh issue, DGM
challenges the sufficiency of the evidence supporting the trial court=s October 26, 2006 order imposing sanctions.  DGM argues in its sixth issue that the trial
court abused its discretion by signing the October 26, 2006 order without
conducting an evidentiary hearing.

We review sanctions orders
under an abuse of discretion standard.  Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007). 
An appellate court may reverse the trial court=s ruling only if the trial court acted without reference to any
guiding rules and principles, such that its ruling was arbitrary or
unreasonable.  Id.; Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  We review the entire record to determine
whether the imposition of sanctions constitutes an abuse of discretion.  Herring v. Wellborn, 27 S.W.3d 132,
143 (Tex. App.CSan Antonio
2000, pet denied).  To determine
if the sanctions were appropriate or just, we must ensure there is a direct
nexus between the improper conduct and the sanction imposed.  Low, 221 S.W.3d at 614.








The bases of the trial court=s sanctions award were section 10.001(2) and (3) of the civil practice
and remedies code and rule 13.  Chapter
10 of the civil practice and remedies code authorizes a trial court to impose
sanctions upon a person, a party represented by the person, or both for
advancing frivolous pleadings.  Tex. Civ. Prac. & Rem. Code Ann. '' 10.001-.006.  Section 10.001
provides in part as follows:

The signing of a pleading or motion as required
by the Texas Rules of Civil Procedure constitutes a certificate by the
signatory that to the signatory=s best knowledge,
information, and belief, formed after reasonably inquiry:

 

. . . . 

 

(2)  each
claim, defense, or other legal contention in the pleading or motion is
warranted by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law;

 

(3)  each
allegation or other factual contention in the pleading or motion has
evidentiary support or, for a specifically identified allegation or factual
contention, is likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery.

 








Id. ' 10.001(2), (3).  The sanction
that a trial court may impose upon a person, a party represented by the person,
or both for advancing frivolous pleadings includes an order to pay to the other
party the reasonable expenses, including attorneys= fees, incurred by the other party because of the filing of the
pleading or motion.  Id. ' 10.004(c)(3).  Section
10.003 further requires that a party who is the subject of a motion for
sanctions under section 10.002 is entitled to Anotice of the allegations and a reasonable opportunity to respond to
the allegations.@  Id.
' 10.003.

Here, the order states in
part the following:

The Court FINDS that the following pleadings, all
signed by David, Goodman & Madole, on behalf of Blackburne, were groundless
and filed in bad faith, and/or for the purpose of harassment . . . .

 

The Court FINDS that these pleadings [Blackburne=s
first amended petition, response and amended response to Atmos=s no
evidence motion for summary judgment, and response to Atmos=s
motion for frivolous pleadings, among others] are based upon factual and legal
claims to an alleged right of Blackburne as a lienholder of real property to
recover property damages against Atmos Energy, as an alleged third-party
tortfeasor, when there is no basis in law for such a claim, and no evidence
that Blackburne has ever had at any relevant time any property interest, or
interest as a lienholder, in the subject property.

 

These claims were barred by existing law and are
therefore groundless and brought in bad faith or for the purposes of
harassment.  The existing law is well
settled and no reasonably prudent lawyer would believe that a change in the law
would be acceptable.

 

. . . .

 








The Court FINDS that the Plaintiff=s
pleadings mentioned above were presented to harass or cause unnecessary delay
or needless increase in the cost of litigation, that the claims and legal contentions
mentioned above were not warranted by existing law or by a nonfrivolous
argument for the extension, modification, or reversal of existing law or the
establishment of new law, and the factual allegations in Plaintiff=s
pleadings mentioned above had no evidentiary support and were never likely to
have evidentiary support.

 

Portions of the order thus track the language of
rule 13 while other portions of the order track the language of chapter 10.








We initially note that the
hearing on Atmos=s original
and supplemental motion for frivolous pleadings took place on September 14,
2006.  Atmos=s original motion for frivolous pleadings contains a certificate of
service indicating that Atmos served the motion on counsel for Blackburne on
August 31, 2006. As to the supplement to the original motion for frivolous
pleadings, Atmos admitted two exhibits during the hearing.  One is a letter indicating that it filed the
supplement to its original motion with the trial court and served the
supplement upon Blackburne.  The other exhibit
is a letter from Atmos advising opposing counsel that a hearing on the motion
for frivolous pleadings was set for September 14, 2006.  Both documents contain accompanying return
receipt green cards indicating that DGM received the documents on September 11,
2006.  Although counsel for Blackburne
argued that it would be improper to grant $35,000 in attorneys= fees (the amount requested by Atmos at the September 14, 2006
hearing) as a sanction because he did not receive adequate notice of Atmos=s supplement to its original motion for frivolous pleadings, the trial
court ultimately limited the total sanctions amount to $24,000, which is the
amount of attorneys= fees
pleaded by Atmos in its original motion for frivolous pleadings.  The record thus demonstrates that Blackburne
and DGM received notice of the allegations and were provided with a reasonable
opportunity to respond as required by section 10.003.  See id.  We overrule DGM=s sixth issue.








Moreover, the sanctionable
conduct underlying the trial court=s decision for imposing the sanctions is evident upon reviewing the
hearing on Atmos=s motion and
supplement to its original motion, the exhibits attached to its motion and
supplement, Blackburne=s response
and accompanying exhibits to Atmos=s motion for sanctions, and other relevant portions of the
record.  Specifically, at the hearing on
Atmos=s motion for frivolous pleadings, Atmos=s counsel reasoned that sanctions were appropriate in part because
Blackburne, as a secured lender, lacks standing to sue and recover for the
alleged damage to the property.  She
explained that a deed of trust is a Acontract that allows a creditor recourse upon default to the
collateral property.@  The deed of trust is not property, and it
thus Aconveys a contract interest@; Ait does not
convey a property interest.@  Counsel for Atmos emphasized
the recognized rule that Aa creditor
under a deed of trust is not regarded as an owner of any type of property
interest in the underlying property securing the debt@ and that a cause of action for injury to real property belongs to the
person who owns the property.  Thus,
under the facts of this case, counsel argued that sanctions were appropriate
because Blackburne has never owned any interest in the damaged property, and
Texas law does not recognize Blackburne=s ability as the grantee of the deed of trust covering the property to
recover for damages to the property.  DGM=s counsel responded that he was indeed familiar with the relevant law
and that the lawsuit was filed because they were seeking Aan extension of [Blackburne=s] rights to also pursue any parties who may be responsible for the
decrease@ in value of the collateral. 
The trial court was quick to point out its concerns about the utter
dearth of law supporting Blackburne=s case.  The following exchange
occurred:

[DGM
counsel]: [T]he allegations that Blackburne is . . . pursuing in this case is
its right as a secured lender to pursue a claim against a third party B B 

 

The
Court: Let me stop you right there, Counsel.

 

During the summary judgment hearing, I asked you
if you had a single case that supported that position that the third party in
this case . . .

 

[DGM
counsel]: Yes, sir.

 

The
Court: B B had
any right to sue the borrower under these circumstances.

 

[DGM
counsel]: That=s
correct, Judge.

 

The
Court: Have you come up with a case?

 








[DGM
counsel]: I have not come up with a case as of yet, Judge, but I do want to
emphasize that we believe the right should be there.

 

Counsel for Blackburne thus had no law supporting
its claims.

Atmos=s counsel also argued that sanctions were in order because Blackburne continued
to pursue the litigation after May 1, 2006, the date that Blackburne assigned
any rights that it had pursuant to the deed of trustCunder which it claimed an interest to the propertyCto another entity, Vance Road Property, L.L.C.  Counsel stated, AFollowing the assignment of this interest and any rights they ever had
with respect to a lien on this property, [Blackburne] . . . continued to assert
that it had a lien.@  The record contains numerous documents signed
by DGM=s counsel after May 1, 2006. 
DGM=s counsel
nonetheless argued that Blackburne is the sole shareholder of Vance Road
Property, L.L.C. and that it Acould easily continue to maintain this suit from the perspective of
Vance Road Property, L.L.C.@  But Blackburne is not Vance
Road Property, L.L.C.








Based on the record before
it, the trial court could have concluded pursuant to section 10.001(2) or
10.001(3) that Blackburne=s claims
were not warranted by existing law or by a nonfrivolous argument for the
extension, modification, or reversal of existing law or that Blackburne=s allegations or other factual contentions lacked evidentiary support.  See id. ' 10.001(2), (3).  There is also
a direct nexus between DGM=s conduct and the sanctions imposed, which is a lesser amount of
sanctions than that sought by Atmos at the hearing.  Thus, having reviewed the entire record, we
hold that the trial court did not abuse its discretion by awarding Atmos
$24,000 in attorneys= fees as
sanctions against DGM.  Because we
conclude that the sanctions order is sustainable under either section 10.001(2)
or 10.001(3), we need not consider whether the award is sustainable under rule
13.  We overrule DGM=s seventh issue.

C.  Presumption Of Good Faith













In its second issue, DGM
argues that Atmos did not meet its burden of overcoming the presumption that
all pleadings are filed in good faith.[5]  As previously discussed, we determined that
the trial court did not abuse its discretion by imposing the sanctions award
pursuant to section 10.001(2) or 10.001(3) of the civil practice and remedies
code.  While rule 13 requires a party to
have filed a groundless pleading brought in bad faith or for the purposes of
harassment, chapter 10 sanctions can be awarded if the pleading or motion was
filed for an improper purpose or if a claim is not warranted by existing law or
by a nonfrivolous argument for the extension, modification, or reversal
of existing law.  See Tex. Civ. Prac. & Rem. Code Ann. ' 10.001(1), (2).  This Anonfrivolous@ requirement
has been construed by at least one other court to be the same as the Agood faith@ requirement
found in rule 13.  See Elwell v.
Mayfield, No. 10-04-00322-CV, 2005 WL 1907126, at *5 (Tex. App.CWaco Aug. 10, 2005, pet. denied) (mem. op.); see also Tex. R. Civ. P. 13 (A>Groundless= for
purposes of this rule means no basis in law or fact and not warranted by good
faith argument for the extension, modification, or reversal of existing
law.@) (emphasis added).  Here, the
conduct detailed above that Blackburne admitted not having any legal support
for its claim and that it continued to file documents and pursue the litigation
even after assigning any rights that it had under the deed of trust to another
entity considered with the fact that Blackburne had notice and knowledge that
it did not own a property interest in the property was sufficient to overcome
the nonfrivolous requirement in section 10.001(2).  See generally Monroe v. Grider, 884 S.W.2d
811, 819 (Tex. App.CDallas 1994,
writ denied) (reasoning that a party acts in bad faith when discovery puts him
on notice that his understanding of the law or facts may be incorrect and he
does not make reasonable inquiry thereto before filing the pleading).  Each of the cases cited by DGM in support of
its theory are also inapposite.[6]  We overrule DGM=s second issue.

IV.  Conclusion

Having overruled each of
Blackburne=s and DGM=s issues, we affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.  

 

DELIVERED:  November 15, 2007











[1]See Tex.
R. App. P. 47.4.





[2]Atmos used to be TXU Gas Co.





[3]We refer to issues two through
seven as DGM=s issues because the trial court
ordered DGM to pay the sanctions.





[4]A
rule 13 sanction=s
order must state with particularity good cause for finding that the pleadings
of the party challenging the sanctions order were groundless and not brought in
good faith or groundless and brought for purposes of harassment.  Bradt v. Sebek, 14 S.W.3d 756, 769
(Tex. App.CHouston
[1st Dist.] 2000, pet. denied).  In
imposing sanctions under chapter 10, the trial court is required to specifically
detail the sanctionable conduct in its order. 
Tex. Civ. Prac. & Rem. Code
Ann. '
10.005 (Vernon 2002).





[5]See GTE Commc=ns Sys. Corp. v. Tanner, 856 S.W.2d 725, 730 (Tex. 1993)
(considering rule 13 sanctions and stating that courts generally presume that
pleadings and papers are filed in good faith).





[6]See Brader v. Ellinghausen, 154 S.W.2d 662 (Tex. Civ. App.CFort Worth 1941, no writ); Am.
Nat=l. Ins. Co. v. City of Port Arthur, 62 S.W.2d 256 (Tex. Civ. App.CBeaumont 1933, no writ); Carroll
v. Edmondson, 41 S.W.2d 64 (Tex. Comm=n App. 1931, judgm=t adopted).